

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*

*1 Courthouse Way*
*Boston, Massachusetts  02210*

January 21, 2010

Charles McGinty, Esq.
Federal Defender's Office
51 Sleeper St., Fifth Floor, Suite 328
Boston, MA 02110

      Re:    <u>United States v. Harris & TCNISO</u>    Discovery Letter 1 (Redacted)
           <u>Criminal No. 09-10243-MLW</u>

Dear Charlie:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

    1.    <u>Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)</u>

        a.    <u>Written Statements</u>

    10/20/09    Ryan Harris <u>Miranda</u> Advice of Rights form

      While we do not believe that these fall within the scope of this rule, there are numerous forum posts and messages that Harris drafted, financial/account/tax records and other documents, as well as his book, <u>Hacking the Cable Modem</u>, that are available for your review, as is described in paragraph A(3) below.  There are also instructional videos and other content on the TCNISO website that Harris may have drafted, also available for review.  We are also aware of, and in some cases have copies of, press articles that include statements from Harris/DerEngel, although we do not believe that we are obligated to produce these publicly available documents in discovery.

      b.      <u>Recorded Statements</u>

There are no relevant recorded statements of Harris in the possession, custody or control of the government, which are known to the attorney for the government.

      c.      <u>Grand Jury Testimony of the Defendant</u>

Harris did not testify before a grand jury in relation to this case.

      d.      <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

    10/20/09    FBI 302 re Harris interview

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

The government is unaware at this time of any prior criminal record of the defendant. Nonetheless, we have enclosed the results of the check for a criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that are within the possession, custody or control of the government, and that are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

We have not yet received reports from the Motorola examinations of the cable modems seized during the search of the TCNISO business premises in Vista, California. Enclosed are the following other documents:

    Undated    11-page Motorola report of examination of SB5100 Cable Modem
    Undated    9-page Motorola report of examination of TCNISO Hacking Kit
    Undated    8-page Motorola report of examination of SB4200 Cable Modem
    12/30/09    FBI 302 re Motorola analysis
    12/8/09    FBI 302 re Adam Dunstan of Active Broadband

    B.       <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

The following search warrants, applications, affidavits, and returns are enclosed:

        10/19/09 search warrant for TCNISO (1688 South Melrose Drive, Vista, CA)
        10/15/09 search warrant for [www.TCNISO.net](www.TCNISO.net) at Godaddy.com
        4/30/08   search warrant for Dshocker's residence in Worcester, MA

For the reasons described at the end of this letter, we have redacted the name and address of Dshocker and his father from the warrant and application. We do note that the person identified in the warrant as the target of the investigation and the renter of the apartment searched turned out not to be Dshocker but rather Dshocker's father.

    C.       <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

    D.       <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

Nonetheless, we are producing a copy of an audio/video recording made when an undercover FBI agent went to the TCNISO storefront in Vista, California, on August 14, 2009, and spoke to a TCNISO employee.

    E.       <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

As to the conspiracy charged in Count One of the indictment, the following is a list of the names of known unindicted coconspirators:

**REDACTED**

3

F.      Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that Harris was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.      Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.      The government is unaware of any information that would tend directly to negate Harris's guilt concerning any count in the indictment. However, he and his associates have made statements at different times purporting to discourage any criminal use of TCNISO's products. Some of these statements appear in press articles and other media. There may also be similar statements in posts on the TCNISO website as well as in other messages (all of which are available for review). In the Hacking the Cable Modem book (available for review), Harris states that readers should not use the information in the book to steal cable service.

We are also producing, as examples only, the following:

- log of a chat between Harris (DerEngel) and Dshocker (using the name "nathan") in which Harris declines Dshocker's request to be a moderator on the TCNISO forums

- log of a chat between Harris and "Mr. T" in which Harris says "we don't condone theft of service"

All of the other chats, posts, and other electronic communications are available for your review.

2.      The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.      The following promises, rewards, or inducements have been given to a witness whom the government anticipates calling in its case-in-chief.

> 9/16/08 proffer letter for Dshocker
> 9/15/08 plea agreement for Dshocker

4

The government has provided a proffer letter to another individual who the government could possibly call as a witness. But the government and the individual's attorneys have not yet reached an agreement that would allow the government to call the individual as a witness at trial. In the event that the parties reach any agreement and the government determines that it will call the individual at trial, we will provide this proffer letter along with any written agreement.

The prosecutors have also had conversations with several individuals who could possibly be government witnesses but do not yet have agreements that would make them available. If these individuals do become available as witnesses and we decide that we will call them, we will disclose anything that would qualify as a promise or reward in these conversations.

We have conveyed the following information to witnesses or their attorneys:

- When FBI agents spoke to TCNISO customer **REDACTED**, they told him that they did not believe he was in any trouble at that time. We have since told **REDACTED**'s attorney that the focus of the investigation is on Ryan Harris and TCNISO. In response to a question from the attorney about whether the agents would be interested in a few illegal music downloads, we told the attorney that they would not be.

- The FBI agents told **REDACTED** that the focus of the investigation is TCNISO.

4. The following named case-in-chief witnesses has a criminal record:

   **REDACTED**

5. The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6. No identification procedure was used in this case.

H.   Other Matters

In addition to the material described above, we are producing copies of the grand jury transcripts and exhibits, in the hope that this early production will facilitate discussions about a possible resolution short of trial. We are producing the following transcripts and their exhibits:

5/6/09  Grand Jury testimony of C.J. Sperber
5/6/09  Grand Jury testimony of Dshocker
8/12/09 Grand Jury testimony of C.J. Sperber
8/19/09 Grand Jury testimony of C.J. Sperber
Grand Jury Exhibits 1-5

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense(es) was/were committed is set forth in the indictment in this case, a copy of which you previously have received.

The government declines, at this time, to identify Dshocker, who is an unindicted cooperator who has been charged separately. We are not identifying him at this point primarily because he is still a juvenile. If this case proceeds to trial, however, he will no longer be a juvenile by the time of trial. As trial approaches, therefore, the government will identify him. If, upon reviewing the discovery material, you find that we have inadvertently failed to redact his name, his father's last name, or their address at the time of the search, please let us know immediately and we will replace the incorrectly redacted copy with a corrected one.

Please call the undersigned Adam at **REDACTED** or Mona at **REDACTED** if you have any questions.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:

_____
Adam J. Bookbinder
Assistant U.S. Attorney
Mona Sedky
Department of Justice Trial Attorney

enclosures (Bates ## 1-327)