UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  09-10243-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN HARRIS, a/k/a DerEngel, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TCNISO, INC., | ) | |
| Defendants | ) | |

**JOINT MEMORANDUM FOR FINAL STATUS CONFERENCE**

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(C).

(1)   Outstanding Discovery Issues

The government has complied with its discovery obligations.  As is set out below, there are developments in the case which will occasion further discovery, and defendant seeks leave to file discovery letters in response to this discovery.

(2)   Ongoing Discovery

The parties are aware of their obligation to provide additional discovery as a result of a future receipt of information, documents or reports of examinations or tests.  The government is in possession of a significant amount of relevant material that it has and continues to make available to the defendant for review.

Furthermore, the defendant has filed a motion to dismiss the indictment, arguing that the indictment has a duplicity problem (e.g. multiple crimes charged as one).  Although the government does not concede the issue, it nonetheless intends to resolve the situation by seeking a superseding

indictment, adding several additional counts. After a superseding indictment, there will be additional discovery that the government will need to provide.

(3)     Insanity, Diminished Capacity or Public Authority

The defendant does not intend to raise a defense of insanity or diminished capacity, or public authority.

(4)     Alibi

The government has requested notice of any alibi defense and the defendant has provided none.

(5)     Motion Schedule

The defendant has already filed a motion to dismiss, to which the government will shortly respond. The defendant does anticipate filing additional dispositive motions.

(6)     Other Scheduling Issues

In light of the government's plan to seek a superseding indictment and the subsequent need to provide additional discovery, the parties ask the court to schedule another final status conference in approximately 8 weeks.

(7)     Trial

The parties anticipate that this case will proceed to trial.

(8)     Speedy Trial Clock

As of February 7, 2011, there have been no non-excludable days, leaving 70 days on the Speedy Trial clock. The parties jointly ask the Court to exclude, under 18 U.S.C. §3161(h)(7)(A), the time from February 7, 2011 to the date of the next status conference, after finding that the government's need to seek a superseding indictment and produce related additional discovery material and the defendant's need to review this discovery material outweighs the defendant's and

the public's interest in a speedy trial.

(9) <u>Estimated length of trial</u>:

If there is a trial, it will likely last two to three weeks.

Respectfully submitted,

| | |
|---|---|
| CARMEN M. ORTIZ<br>United States Attorney | CHARLES McGINTY<br>Counsel for Harris |
| By:   _/s/ Adam Bookbinder_<br>Adam J. Bookbinder<br>Assistant U.S. Attorney<br>Mona Sedky<br>Department of Justice Trial Attorney | _/s/ Charles McGinty_<br>Office of the Federal Defender |

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_/s/ Adam Bookbinder_

Dated: February 3, 2011