UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )   CRIMINAL NO. 09-10243-MLW
                              )
RYAN HARRIS                   )

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SECOND
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO HARRIS'
<u>MOTION TO DISMISS SUPERSEDING INDICTMENT</u>**

In this briefing, Harris responds solely to the arguments
raised in the government's second supplemental memorandum in
opposition to his motion to dismiss, filed on November 14, 2011.
In its second supplemental memorandum, the government makes two
arguments: 1) this is not a case of first impression; and 2) the
superseding indictment alleges sufficient contact between Harris
and product users.

**I.   Case of First Impression?**

Contradicting its statement at the October 20, 2011 hearing,
the government devotes more than four pages to arguing that this
is not a case of first impression.  In support of this
proposition, the government cites three prosecutions based on
allegations involving modified cable modems.  Two of these cases
ended when the defendants pled to misdemeanor violations under 18
U.S.C. § 1030,[1] a statute under which Harris has not been

---

[1] In <u>United States v. Robles</u>, Cr. 11-00602 (C.D.Cal.), the
defendant pled guilty to a one-count Information charging a

charged, and the third charged access device fraud under 18 U.S.C. § 1029, not wire fraud.[2]  No motion to dismiss was filed in any of these cases, and none of the cases involved substantial briefing or addressed the issues raised by Harris's motion to dismiss.

The government notes that two alleged co-defendants of Harris pled guilty.  Both of these individuals, however, pled guilty to violating § 1030, and neither raised the substantial issues detailed in Harris's motion to dismiss.  Additionally, one of these individuals was not accused of selling or making modified modems, and he pled guilty based on his own conduct, not based on his liability for the conduct of others.  These cases did not prompt any court to consider the issues that Harris raises.

The government also cites two cable descrambler cases and one blue box case in support of its proposition that this prosecution treads on familiar ground.  However, in each of the

---

misdemeanor violation of unauthorized access to a protected computer in violation of 18 U.S.C. § 1030(a)(2)(c), with the government recommending a term of probation. In United States v. Delorey, Cr. 10-00682-JCF (S.D.N.Y.), the defendant pled guilty to a single count information charging a misdemeanor violation of fraudulent access to a protected computer in violation of 18 U.S.C. § 1030(a)(6), and was sentenced to 4 months in custody.

[2] The government asserts that the AUSA in charge of United States v. Swingler, 09-033 (S.D.N.Y.) said that the case is still pending.  A search of PACER, however, indicates that the AUSA dismissed the complaint against Thomas Swingler over two years ago, on July 20, 2009.

cases the government cites, the defendant acknowledged that his primary conduct, namely selling a cable descrambler or a blue box, was illegal.  See 47 U.S.C. § 553 (criminalizing manufacture, sale, and use of cable descramblers); United States v. Manzer, 69 F.3d 222, 228 (8th Cir. 1995) (noting, in connection with copyright violation charge, that defendant "acknowledged the illegality of selling, leasing, or giving away a copy of copyrighted material such as that contained in the U-30 chip"); United States v. Coyle, 943 F.2d 424 (4th Cir. 1991) (explaining the specific law that criminalizes the manufacture and sale of cable descramblers); United States v. Patterson, 528 F.2d 1037, 1040 (5th Cir. 1976) (during "sales demonstration" of blue box, defendant told potential customer "that the device was illegal").  Each of these appellate cases raised issues of sufficiency of the evidence, but none considered the more fundamental issue upon which Harris's motion rests; namely, his assertion that there is no legal support for the government's decision to charge the seller of a legal product with culpability for the third-party actions of all product users.  These cases do not confront the issue that lies at the heart of Harris's motion, and do not contradict Harris's assertion that his case raises novel, unexplored legal issues that demand pre-trial resolution.

-3-

## II.   Connection Between Harris and Customers

In the second section of its memorandum, the government renews its argument that Harris can be liable for the conduct of third party product users.  However, this section has the same flaws as all of the previous government briefing.  The government does not cite any case law finding that the seller of a legal product can be criminally liable for the conduct of product users.  See United States v. Falcone, 311 U.S. 205 (1940); Direct Sales Co. v. United States, 319 U.S. 703 (1943).  Nor does the government grapple with the case law Harris has cited indicating that such liability is controversial even in the civil context.[3] Instead, the government cites only general, well-recognized definitions of conspiracy and aiding and abetting, without explaining how or why those concepts should be applied to this case.

Indeed, the government appears stubbornly resistant to addressing issues raised in Harris's multiple filings, most importantly how a rule of criminal culpability holding Harris accountable for the conduct of product users does not also envelop suppliers of password cracking programs (e.g., "John the Ripper," a password breaking program from Rapid7), hacking tools (e.g., Rapid7's Metasploit program), DVD burners, digital file

---

[3] For a discussion of these cases, see Part I of Defendant's Reply to Government's Opposition, filed on October 17, 2011.

-4-

sharing software, radar detectors, radar jammers, handguns, assault weapons, ammunition such as hollow point or Teflon coated bullets, flash suppressors, large capacity magazines, and alcoholic beverages.  Moreover, the government fails to acknowledge the limits of its proof, for example, the fact that three of its four alleged product users were mere purchasers from the company with no further contact with anyone except to allegedly access an open web forum on the company's website.  As to the fourth user, it continues to assert that he "had repeated communications with Harris _and_ with the other TCNISO co-conspirators," Gov't Second Supplemental Memo, at 6-7 (emphasis added), without acknowledging that discovery discloses a single conversation between Harris and this user in which Harris told the user that he did not know him and rebuffed his request to become a forum moderator.  Another persistent evidentiary claim, repeatedly corrected by the defense, is that Harris did not use his real name in connection with his book.  To put this claim to rest, Harris appends to the memorandum the copyright page of the book and the final page, which list his name and display his photograph.  See Attachment A.

### III. Conclusion

For the reasons discussed herein and the reasons contained in prior briefing, Harris asks this Court to dismiss the case against him, or, in the alternative, to order a change of venue.

                              RYAN HARRIS
                              By his attorney,

                              /s/ Charles P. McGinty

                              Charles P. McGinty
                                B.B.O. #333480
                              Federal Defender Office
                              51 Sleeper Street
                              Boston, MA  02210
                              Tel: 617-223-8061


                    CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2011.

                              /s/ Charles P. McGinty

                              Charles P. McGinty

-6-