```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,    )
                             )
    v.                         )    Cr. No. 09-10243-MLW
                             )
RYAN HARRIS,                 )
    Defendant.                 )

<u>ORDER</u>

WOLF, D.J.                                            December 14, 2011

As stated in court on December 13, 2011, it is hereby ORDERED that:

1. The parties shall comply with the attached Pretrial Order.

2. After conferring, in their submissions due on January 13, 2012, the parties shall, among other things, address:

    (a) What the government must prove to establish the conspiracy charged in Count 1, including, but not limited to, what must be proven to establish one conspiracy rather than multiple conspiracies with the defendant Ryan Harris at the hub of each. See <u>United States v. Pappathanasi</u>, 383 F. Supp. 2d 289, 296 (D. Mass. 2005).

    (b) What must be proven to establish that Harris committed wire fraud as a principal, including whether it must be proven that the alleged scheme was intended to obtain money or something of value for him rather than for another person.

    (c) What must be proven to establish that Harris aided and abetted wire fraud by another person.

    (d) Foreseeable disputed issues concerning the jury

instructions and the authority for their respective positions on them.

A copy of the court's recent instructions in <u>United States v. DiMasi</u> on conspiracy and wire fraud is attached to facilitate making this submission.[1]

```
                              /s/ Mark L. Wolf
                        UNITED STATES DISTRICT JUDGE
```

---

[1] As stated in court on December 13, 2011, in <u>DiMasi</u> the court instructed that to prove wire fraud the government had to prove that the scheme was intended to obtain payments for DiMasi's benefit because the indictment alleged this purpose and, until very late in the trial, the government undertook to prove it. The court did not decide whether or not proof that the scheme was intended to obtain money or something of value for the defendant's personal benefit is generally required.