UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Crim No.  09-CR-10243-MLW |
| v. | ) |
| | ) |
| RYAN HARRIS, | ) |
| Defendant | ) |
| | ) |
| | ) |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases.  The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Adam Bookbinder
 Adam J. Bookbinder
Assistant U.S. Attorney
Mona Sedky
US Dept. of Justice Trial Attorney

CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to counsel as identified on the Notice of Electronic Filing.

/s/ Adam Bookbinder

Dated: January 13, 2012

1

INDEX

| Proposed Instruction | Page |
|---|---|
| 1. Conspiracy | 3 |
| 2. Conspiracy Involving Supplier | 6 |
| 3. Elements of Wire Fraud | 7 |
| 4. Wire Fraud Definitions | 8 |
| 5. Aiding and Abetting | 11 |
| 6. Pinkerton Liability | 12 |
| 7. Cooperating Witnesses | 13 |

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

18 U.S.C. §371

<u>Conspiracy</u>

In Count 1 of the Superseding Indictment, the defendant is charged with conspiring to commit a federal crime -- specifically, the crime of wire fraud.   It is against federal law to conspire with someone to commit this crime.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the Superseding Indictment, and not some other agreement or agreements, existed between at least two people to commit wire fraud;

*Second*, that the defendant willfully joined in that agreement; and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime of wire fraud be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake. The government must

prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role. Nor do you need to find that the defendant had direct contact with a co-conspirator.[1] But the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the

---

[1] United States v. Mena-Robles, 4 F.3d 1026, 1033 (1st Cir. 1993).

commission of one overt act.

18 U.S.C. §371; First Circuit Pattern Jury Instructions (Criminal), No. 4.03 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

18 U.S.C. §371

<u>Conspiracy Involving A Supplier of Products or Services</u>

In certain circumstances, a supplier of products or services to known illegal users can become a party to a conspiracy.   In order to find the supplier guilty of conspiring with those he supplied, you must find that the supplier shared the intent to achieve the criminal objective.   In other words, you must find that, by supplying the goods or services, the supplier intended to further and promote the illegal use.

Different types of evidence can support an inference that the defendant shared his customers' criminal intent.   This includes the very nature of the products or services supplied, for example, whether they are inherently susceptibile to illegal use or are hard-to-get items that are often used in an illegal manner.   It includes whether the defendant provided additional assistance to the customers beyond the sale of the goods.   It also includes whether the defendant had a financial interest in the customers' success.   It includes whether the defendant provided the products or services in a high volume or at a high price or repeatedly over time.   It also includes whether the defendant acted in a secretive manner and whether he personally engaged in lawbreaking himself.   But you cannot find that the defendant intended to join a conspiracy based *solely* on his knowledge of the illegal use of his products.

2 LaFave and Scott, <u>Criminal Law</u> (Second Edition), "Conspiracy:   Providing Goods or Services," 6.4(e)(3), pp. 537-39 & fn.150 (1986); <u>Direct Sales Co. v. United States</u>, 319 U.S. 703, 713 (1943); <u>United States v. Grunsfeld</u>, 558 F.2d 1231, 1237 (6th Cir. 1977); <u>United States v. Chamley</u>, 376 F.2d 57, 59 (7th Cir. 1967); <u>United States v. Garcia-Rosa</u>, 876 F.2d 209, 216 (1st Cir. 1989), <u>vacated in part on other grounds by</u> <u>Rivera-Feliciano v. United States</u>, 498 U.S. 954 (1990); <u>United States v. Loew</u>, 145 F.2d 332, 332-33 (2d Cir. 1944); <u>United States v. Rush</u>, 666 F.2d 10, 11 (2d Cir. 1981); <u>United States v. Tramaglino</u>, 197 F.2d 928, 931 (2d Cir. 1952).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

18 U.S.C. §1343

<u>Wire Fraud</u>

In Counts Two through Eleven of the Superseding Indictment, the defendant is charged with committing wire fraud. Wire fraud is also the substantive crime alleged to have been the purpose of the conspiracy. Therefore, I will define the elements of wire fraud:

*First,* a scheme, substantially as charged in the Superseding Indictment, to defraud or obtain money or property by means of false or fraudulent pretenses;

*Second*, the scheme involved a false statement, representation or concealment about material facts;

*Third*, the defendant's knowing and willful participation in the scheme with the intent to defraud; and

*Fourth*, the use of interstate wire communications, on or about the date alleged, in furtherance of the scheme.

First Circuit Pattern Jury Instructions (Criminal), No. 4.13.   <u>Neder v. United States</u> 527 U.S. 1, 25 (1999).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

18 U.S.C. §1343

<u>Wire Fraud Definitions</u>

Interstate wire communications include communications made by telephone, fax, and the internet, from one state to another.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. It is not necessary, however, that the defendant personally benefit or profit from the scheme.[2]

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts. The statements or assertions can be made and received electronically.

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decisionmaker to whom it was addressed. Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decisionmaker to whom it is addressed.

A person acts "knowingly" if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her and did not act because of ignorance, mistake or accident.

---

[2] <u>United States v. Silvano</u>, 812 F.2d 754, 758-62 (1st Cir. 1987).

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.   Thus, if the defendant acted in good faith, he or she cannot be guilty of the crime.   The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the working of the human mind.   In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.   You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you to decide what facts are proven by the evidence received during this trial.

It is not necessary for the government to prove all of the details concerning the precise nature and purposes of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud, substantially the same as the one alleged in the

9

Superseding Indictment, and that the use of the wire communications facilities in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate wire transfer or telephone call or fax transmission to be made in an attempt to execute or carry out the scheme.   To "cause" an interstate wire communication to be made is to do an act with knowledge that an interstate wire communication will follow in the ordinary course of business or where such wire transfer can reasonably be foreseen.

First Circuit Pattern Jury Instructions (Criminal), No. 4.13 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

18 U.S.C. §2

<u>Aiding and Abetting</u>

The Superseding Indictment also charges that the defendant "aided and abetted" the commission of wire fraud.

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done willfully if done voluntarily and intentionally with the intent that something that the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law.

First Circuit Pattern Jury Instructions (Criminal), No. 4.02 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

18 U.S.C. §1343

*Pinkerton* - Wire Fraud

There is another way that the defendant may be found guilty of wire fraud.   A defendant may be convicted of wire fraud if you find him guilty of the conspiracy charge in Count 1 and you also find that it is proven beyond a reasonable doubt that another conspirator committed the charged wire fraud pursuant to their conspiratorial agreement, at a time when the defendant was a member of the conspiracy, in an effort to achieve a shared goal of their conspiracy, and that the fraud the other conspirator committed was one that the defendant should have reasonably foreseen might be committed as a result of his conspiracy.

Jury Instructions in United States v. Salvatore DiMasi, Cr. No. 09-10166-MLW.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

<u>Cooperating Witnesses</u>

You have heard testimony from two witnesses, Craig Phillips and Nathan Hanshaw, who participated in the crime charged against the defendant and testified pursuant to plea agreements with the government. The plea agreements provide that no testimony given by Phillips and Hanshaw can be used against them, directly or indirectly, except in a prosecution for perjury if they testify falsely. In the Phillips plea agreement, the government also promised to recommend a reduced sentence for Phillips if, in the government's view, he testified truthfully and provided substantial assistance to the government in the investigation or prosecution of others. Phillips has not been sentenced yet. Hanshaw's situation is different from that of Phillips, because Hanshaw has already been sentenced for his crimes, and he has served that sentence. Therefore, the government cannot recommend any reduced sentence for Hanshaw, because he has already served his sentence. You are instructed that the government is entitled to enter into such agreements and present such witnesses.

Some people in Phillips's position are entirely truthful when testifying. However, the testimony of Phillips should be examined by you with greater care than that testimony of an ordinary witness. You should scrutinize it closely because a witness hoping to get his sentence reduced may have a motive to testify falsely against others, by making up stories or exaggerating what others did, because the witness wants to help himself.

As with all evidence, in deciding whether Phillips's testimony was truthful, you should consider, among other things, whether it was contradicted or corroborated by other evidence in the case. You should scrutinize Phillips's testimony with great care and rely upon it with caution. If, after doing so, you find some or all of Phillips's testimony to be true, you should give it such

weight as you believe it deserves.

Adapted from Jury Instructions in <u>United States v. Salvatore DiMasi</u>, Cr. No. 0910166-MLW.