UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION
IN LIMINE: Re: TCNISO FORUM

Defendant Ryan Harris respectfully submits this memorandum in support of his motion, pursuant to Fed. R. Evid. 403 and 801, 47 U.S.C. § 230(c)(1), and his Constitutional right to Due Process, to exclude the excerpts from and testimony about the TCNISO user forum.  Harris objects to the introduction of such testimony and posts because they are hearsay to which no exception applies, are statutorily protected speech, and are not relevant evidence under Fed. R. Evid. 403.

At stake here is the viability of the broad-ranging conspiracy count purporting to link Harris with the universe of end-users.[1]  The government relies on the existence of the forum and of its content to link the alleged customer conduct into a single rimmed hub-and-spoke conspiracy, with Harris at the center, product users on the spokes, and the forum as the rim.  The forum, so the government contends, provides the necessary interdependence to draw together the anonymous customers into a conspiratorial monolith:

> The superseding indictment alleges that Harris, the TCNISO co-conspirators, and the users all participated in forums on the TCNISO website in which they exchanged information and provided advice about cable modem hacking, exchanged stolen MAC

---

[1] Under the government's theory, Harris is liable for the unlawful conduct of all end-users, presumably forever.

addresses, and discussed techniques ISPs were using to block the use of TCNISO's modem hacking products. (Sup. Ind. ¶¶22-24). The superseding indictment therefore alleges that the conspirators worked together and were, therefore, interdependent.

Gov't Opposition to Renewed Motion to Dismiss; see also Gov't Tr. Br. At 21-22. Thus, the forum posts are called to double duty, both to stitch together a conspiracy and to stand alone as evidence of its existence.

    A.    Hearsay

At the start, the government must prove the existence of a conspiracy of end users. Kotteakos v. United States bars its path. In Kotteakos, the Court addressed an alleged single conspiracy involving multiple persons who submitted false loan applications through a single broker:

> [N]o two of those agreements were tied together as stages in the formation of a large all-inclusive combination, all directed to achieving a single unlawful end or result. On the contrary each separate agreement had its own distinct, illegal end. Each loan was an end in itself, separate from all others, although all were alike in having similar illegal objects. Except for [the principal participant], no conspirator was interested in whether any loan except his own went through. And none aided in any way, by agreement or otherwise, in procuring another's loan. The conspiracies therefore were distinct and disconnected, not parts of a larger general scheme, both in the phase of agreement with [the principal] and also in the absence of any aid given to others as well as in specific object and result. There was no drawing of all together in a single, over-all, comprehensive plan.

Blumenthal v. United States, 332 U.S. 539, 557-59 (1947) (discussing Kotteakos v. United States, 328 U.S. 750, 755 (1946)); see also United States v. Chandler, 388 F.3d 796, 811 (11th Cir. 2004), United States v. Smith, 82 F.3d 1261, 1269-70 (3d Cir. 1996). Here, there is no "overriding scheme" where all purchasers sought a common end and aided in a larger plan. See generally United States v. Portela, 167 F.3d 687, 695 (1st Cir. 1999). As in Kotteakos, each purchaser was pursuing his own interest in securing service as an end in itself.

Apart from the impediment posed by Kotteakos, the government itself recognizes that the forum posts do not provide a rim linking users. Why else concede that the posts are not offered for their truth? Government's Trial Brief at 27. In acknowledging that the posts cannot stand for their truth, the government surrenders the single argument it has made to date that end users were linked in a common cause.

The government asserts that the forum posts are admissible because they are not being introduced for their truth, but to show their effect on Harris. If the posts are not offered for their truth, then they are offered for the inadmissible purpose of tarring Harris with the comments of anonymous persons, an improper purpose under Rule 403. There is no evidence that Harris read any particular post or that the ones the government seeks to introduce had any effect on him.

The government argues that these posts are admissible because they are verbal acts, not statements. However, the words that anonymous users typed on the forums are not like words by contracting parties; they have no independent legal significance, they are just idle chatter. 5 Weinstein's Federal Evidence § 801.11(3). The First Circuit case that the government cites to support its proposition that verbal acts are admissible did not consider whether the utterances at issue were properly admitted as non-hearsay, because the Court found that any error was harmless. United States v. Diaz, 597 F.3d 56, 65 (1st Cir. 2010).

The government's argument finally turns to the co-conspirator hearsay rule. Rule 801 defines statement as an oral or written assertion. Fed. R. Evid. 801(a). It defines hearsay as a particular type of statement. Fed. R. Evid. 801(c). It also creates specific rules for when certain types of statements are not considered hearsay. Fed. R. Evid. 801(d). One of these targeted rules explains that a statement under Rule 801(a) is not hearsay if it is made by "a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The

government alleges that the forum posts united a conspiracy masterminded by Harris, and these statements are admissible only if they meet the rule contained in Fed. R. Evid. 801(d)(2)(E).

The Rule 801(d)(2)(E) exception is a narrow one that has been criticized by courts, including the First Circuit. United States v. Goldberg, 105 F.3d 770, 775 (1st Cir. 1997) ("Frankly, the underlying co-conspirator exception to the hearsay rule makes little sense as a matter of evidence policy.  No special guarantee of reliability attends such statements, save to the extent that they resemble declarations against interest.  The exception derives from agency law, an analogy that is useful in some contexts but (as the Advisory Committee noted) is 'at best a fiction' here.  The most that can be said is that the co-conspirator exception to hearsay is of long standing and makes a difficult-to-detect crime easier to prove.").

"To invoke the exception, a party who wants to introduce a particular statement must show by a preponderance of the evidence that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." United States v. Sepulveda, 15 F.3d 1161, 1180 (1st Cir. 1993); United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977).  "The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered . . . ." Fed. R. Evid. 801(d)(2)(E).  The requirement of external evidence of a conspiracy avoids circular and self-referential prosecutions.  The rule permits the trial judge to determine, before trial, whether or not a conspiracy existed and whether self-incriminatory statements of others are probative of the charged conspiracy.  See Giles v. California, 554 U.S. 353, 374 (2008) ("A judge may determine the existence of a conspiracy in order to make incriminating statements of co-conspirators admissible against the defendant under Federal Rule of Evidence 801(d)(2)(E).").

4

Apart from the content of the forum posts, there is no evidence that there was a conspiracy between the declarants and Harris or that the statements were made in furtherance of that conspiracy. As Harris has argued before, the government has not sufficiently alleged a conspiracy in this case, because a buyer-seller relationship does not make a conspiracy, even when the seller knows of a potential illicit use of the product sold. See, e.g., Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943). The forum posters have not been identified; they were not alleged as co-conspirators during the discovery process. Aside from their statements, there is no evidence that they were engaged in a conspiracy with Harris. See Sepulveda, 15 F.3d at 1181 (finding that statements should not have been admitted under coconspirator hearsay exception where there was no evidence beyond the statements to show that the unidentified declarants were part of the charged conspiracy). There is no independent evidence indicating what the object of their conspiracy with Harris was; even the government recognizes that TCNISO products had more than one potential use (free internet, faster internet, anonymity). Nor is there a showing that the posts were contemporaneous with a product sale, to suggest that they were in furtherance of a specific and identified conspiratorial agreement with Harris.

Evidence that the screen names of these forum posters match screen names from TCNISO purchase records is evidence of a buyer-seller relationship; it is not independent evidence that these users were engaged in a conspiracy with Harris. Only the forum posts themselves provide any hint that these individuals were engaged in any illicit activity or were part of a conspiracy with Harris. Without evidence of conspiracy apart from the proffered statements, these forum posts cannot be introduced as co-conspirator hearsay. Evidence that individuals purchased TCNISO products is not evidence that they bought the products to obtain free or faster internet,

or that they succeeded in doing so. It is only their statements that provide any hint of their purposes or actual uses.

Nor has the government shown that the proffered chat conversations were made by the posters in furtherance of a conspiracy including Harris. The government has not offered a clear statement of what conspiracy existed between Harris and the posters; it has not explained whether these posters were part of the charged conspiracy or some other conspiracy. It has not stated whether the conspiracy with the posters was one to get free internet, faster internet, or anonymity. This lack of definition raises the problem of offense continuity raised in Harris's January 31, 2012 filing: "A conspiracy does not continue indefinitely simply because the fruits of the conspiratorial objective continue into the future." United States v. Colon-Munoz, 192 F.3d 210, 228 (1st Cir. 1999). The government has combined sale and use in its conspiracy charge, and it conflates them again here. Knowing the scope of the alleged conspiracy between the forum posters and Harris is vital to determining whether each proffered statement was made in furtherance of the conspiracy. Yet the government has not even provided a sense of when the posts were written with relation to any purchase made by the posters from TCNISO.

**B.   Statutory Immunity**

The forum posts are inadmissible for an additional reason. In the interest of encouraging and protecting free speech, Congress has given the owner or host of a forum statutory protection from legal responsibility for content that others post on the forum: "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The First Circuit has recognized this protection and its importance. Universal Communication Systems, Inc. v. Lycos, Inc., 478 F.3d 413, 415 (1st Cir. 2007) ("Congress has granted broad immunity to entities . . .

that facilitate the speech of others on the Internet."). This protection is strong enough that a forum provider does not become liable for the speech of others even if he knows that it conveys unlawful information: "notice of the unlawful nature of the information provided is not enough to make it the service provider's own speech." Id. at 420.

Here, the government seeks to introduce the content of a forum as though it is attributable to Harris, as though he was aware of all of the content and even caused others to use the forum. Using content that was posted on a public forum by anonymous users, possibly to induce others to commit an unlawful act, runs counter to these statutory commands. This statute dictates that Harris cannot be presumed to be familiar with the content on the TCNISO forum and that the criminal liability cannot derive from the existence of the forum or its content.

    C.    **Relevance**

Finally, Harris argues that the contents of the forum should be excluded because they are more prejudicial than probative and would confuse and mislead the jury. See Fed. R. Evid. 403. Harris is charged with a nebulous conspiracy–joining with unspecified others by providing a product that enabled certain actions and hosting a forum that enabled certain conversations. None of the posters will testify, and no evidence will be presented about the forum posters; they will be part of trial as anonymous voices implying, without stating clearly, that they used TCNISO products to obtain free or enhanced internet service. This evidence is not probative of whether Harris had the knowledge and intent necessary to join the charged conspiracy. These posts shed no light on whether Harris intended to participate in the discrete wire frauds charged. Whether users obtained free or faster internet access is not an issue in this trial; the issue is whether Harris committed the charged crimes by enabling the conduct of others. These posts serve only to cause unfair prejudice, by implying to the jury that many people were stealing

7

internet and that Harris was a "bad guy" by virtue of selling these products. Because the forum posts shed no light on the relevant issues, they must be excluded under Rule 403.

## Conclusion

For the foregoing reasons, Harris asks this Court to exclude all forum posts and any testimony regarding the content of the forum.

RYAN HARRIS
By his attorney,

/s/ Charles P. McGinty

Charles P. McGinty
  B.B.O. #333480
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 3, 2012.

/s/ Charles P. McGinty

Charles P. McGinty
