UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE: Re: TESTIMONY PROPOSED IN GOVERNMENT'S TRIAL BRIEF

Defendant Ryan Harris respectfully moves, pursuant to Federal Rules of Evidence 403, 404(b), 602, 702, and 801 and his Constitutional Right to Due Process, to exclude portions of the testimony that the government expects to elicit from its witnesses as outlined in the government's Trial Brief.

    **A.**     **Craig Phillips's Testimony**[1]

Harris objects to portions of Phillips's testimony as irrelevant under Rule 403, as matters about which Phillips has no personal knowledge under Rule 602, and as inappropriate expert testimony under Rule 702. One portion of Phillips' testimony must also be excluded as evidence of prior bad acts under Rule 404(b).

    1.     Personal Use of TCNISO Products–Rule 404(b)

Phillips is expected to testify that Harris showed him how to use TCNISO products to get free or enhanced internet and that he saw Harris use the products to do so. This evidence is irrelevant and unduly prejudicial other acts evidence under Rules 403 and 404(b).

Evidence must be excluded under Rule 404(b) if "[i]t involves an inference of propensity

---

[1] The government intends to introduce the transcripts of chat logs through Phillips. Harris addresses the fact that these logs are inadmissible in a separate motion in limine.

as 'a necessary link in the inferential chain.'" United States v. Varoudakis, 233 F.3d 113, 120 (1st Cir. 2000). In Varoudakis, the First Circuit held that evidence that the defendant had committed a prior arson was inadmissable because it was offered to show propensity–that because the defendant had committed a prior arson to relieve financial difficulties, it was "more likely that he committed the [charged] arson in response to financial stress." Id. The proffered evidence regarding Harris's use of TCNISO products serves the same purpose; it would cause the jury to infer that because Harris intended to get and got free or enhanced internet access using TCNISO products, he intended for others to obtain the same benefit using the same products. Rule 404(b) prohibits the use of prior bad acts to show propensity in this way.

The government has not charged Harris with his own use of TCNISO products, and this evidence is not relevant. This evidence, particularly testimony that he needed free internet to download music and videos more quickly (and, impliedly, illegally), would serve only to show propensity. Ample evidence, including Harris's book, will show that Harris knew that TCNISO products could be used to obtain free or uncapped internet. The critical issues in this case involve whether Harris had the requisite knowledge and intent to help a given user get free internet from a given ISP. Evidence that Harris knew something could happen is not evidence that he knew that it would happen or that he intended to help other people make it happen. See Pappathanasi, 383 F.Supp.2d at 291-92 (D. Mass. 2005). Evidence that Harris himself used the products to obtain free internet does not shed any light on whether Harris knew about his users' ends and intended to further them.

All testimony that Harris helped Phillips get free or faster internet or that he got free or faster service himself must be excluded under Rules 403 and 404(b).

  2. <u>Operation of TCNISO</u>

  The government expects that Phillips will testify about the day-to-day operations of TCNISO and the products it offered. Phillips will also explain how those products worked. This testimony is irrelevant, because Phillips only worked for TCNISO until 2007. All three of the customers who allegedly purchased items from TCNISO did so after 2007. Anything Phillips knows about how products were shipped, how the forum was moderated, how product updates were designed, or how Harris behaved has no relevance to the charges which involve later conduct. Phillips does not have personal knowledge about how the company was run at the time that the charged purchases occurred; he and Harris did not communicate about TCNISO after Phillips left the company. Nor is there any evidence that Phillips has the expertise necessary to provide expert testimony explaining how the products worked. The government has offered two expert witnesses to explain these products. The government has not submitted Phillips's resume, but there is no indication that he has the background necessary to explain TCNISO products or how or why they were updated. In light of the proposed expert testimony, there is no need to have Phillips, a lay person, attempt to convey this specialized knowledge to the jury. Finally, Phillips will testify that Harris told him that they were going to get rich from TCNISO. This testimony is irrelevant and should be excluded under Rule 403.

  All testimony from Phillips about how TCNISO ran, how its products worked or were updated, and its potential profits should be excluded under Rules 403, 602, and 702.

  3. <u>Phillips's Opinions</u>

  The government states that Phillips will testify that TCNISO was created to help people get free internet, that he intended to help people do so, and that he thought his conduct was

illegal. Phillips's thoughts, feelings, and intentions are clearly irrelevant; the fact that Phillips felt a certain way does not tend to show that Harris shared those feelings. Fed. R. Evid. 403. Phillips will also testify that these products had no other use and that Harris was paranoid and had a personal vendetta against the cable companies. Any testimony from Phillips about what he believed Harris thought, felt, or knew is inadmissible opinion testimony outside of his personal knowledge. Fed. R. Evid. 602. His testimony must be limited to his observations, and cannot include his characterizations or interpretations of Harris's behavior. Phillips has not been offered as an expert witness, and nothing in his background indicates that he is qualified to opine about design choices that were made or other marketable uses of the products. Fed. R. 702. The government has expert witnesses who will testify about the product, and there is no indication that Phillips is similarly qualified to do so.

Phillips's testimony regarding his own opinions about TCNISO, Harris's feelings, or the use of TCNISO products must be excluded as, respectively, irrelevant under Rule 403, outside his personal knowledge under Rule 602, and as inappropriate expert testimony under Rule 702.[2]

  **B.  Isabella Lindquist's Testimony**[3]

Harris objects to the introduction of some of Lindquist's testimony on relevance grounds

---

[2] Defendant notes that the chats also include some personal references, including frank sexual discussions. Defendant presumes that the government will withdraw such portions of the chats.

[3] The government expects Lindquist to testify about what Harris told her about the contents of the TCNISO forum, as well as about her online conversations with Harris and Hanshaw. Harris objects to the introduction of this evidence as detailed in his separate motions in limine discussing the forums and the chat logs. Harris also objects to any testimony from Lindquist regarding Harris's communications with Hanshaw, because she does not have personal knowledge about any such communications. Fed. R. Evid. 602.

under Rule 403.

    1.    <u>Operation of TCNISO</u>

The government expects Lindquist to testify about how TCNISO was run between 2002 and 2008. As with Phillips, this testimony is irrelevant because the named users who purchased products from TCNISO did so in 2008 and 2009. Any information Lindquist has about how the company was run does not shed any light on how it was run at the time the purchases at issue were made. Additionally, Lindquist has never met Harris in person, never saw the TCNISO operations in person, and has limited personal knowledge about how things were run at any time. Lindquist is also expected to testify that Harris told her that they were going to make lots of money. Harris objects to this testimony, because it does not show that Harris made money selling modems or tend to show that Harris benefitted from users choosing to use his product to obtain free internet.

    **C.**    **Massachusetts Users**

As described in his separate motions in limine, Harris objects to any testimony by these individuals regarding the content of the TCNISO forums, which Harris in a separate Motion in Limine has moved to exclude. He also objects to any testimony by these users introducing or discussing the content of chat conversations.

    **D.**    **Modem and ISP Employees**

The government expects that Christopher Kohler, a Motorola employee, will testify that he received numerous complaints from ISPs about TCNISO products. His testimony about what he was told is hearsay to which no exception applies that must be excluded. Fed. R. Evid. 801.

The government proposes to have Benjamin Brodfeuhrer testify about the costs imposed

on ISPs by TCNISO products and the financial injury suffered by Charter. This testimony should be excluded under Rule 403 because it is irrelevant and would only serve to distract the jury from the issues at hand. The extent of any costs imposed on Charter by TCNISO would be speculative in addition to having no relevance to the issue of whether Harris is culpable for the charged conduct of product users.

### E.   Law Enforcement Agents

The government plans to have Special Agent Timothy Russell testify about and introduce content from the TCNISO forums. As discussed in the separate motion in limine addressing the forum posts and content, Harris objects to the introduction of any testimony regarding the forums as well as to the introduction of any forum posts.

The government intends to have Special Agent Jason Ryan testify about TCNISO's financial records, including how much money came in and how much was paid to employees. Harris asserts that this testimony is irrelevant under Rule 403, because it does not tend to show that Harris intended to assist product users as charged or that he benefitted from the actions of users who were able to obtain free internet.

## Conclusion

For the foregoing reasons, all of the testimony described must be excluded.

>RYAN HARRIS
>By his attorney,
>
>/s/ Charles P. McGinty
>
>Charles P. McGinty
> B.B.O. #333480
>Federal Defender Office
>51 Sleeper Street
>Boston, MA  02210
>Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 3, 2012.

>/s/ Charles P. McGinty
>
>Charles P. McGinty