UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim No.   09-CR-10243-MLW |
| v. | ) | |
| | ) | |
| RYAN HARRIS, | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**GOVERNMENT'S MODIFIED AND
REVISED PROPOSED JURY INSTRUCTIONS
(Set #2, Submitted February 14, 2012)**

Pursuant to Fed. R. Crim. P. 30, the United States submits this revised set of proposed jury instructions. This set contains revised versions Jury Instruction 2 (Conspiracy Involving Supplier) and Jury Instruction 5 (Aiding and Abetting) and three new proposed jury instructions, Jury Instruction 3 (Single or Multiple Conspiracies), Jury Instruction 9 (Consciousness of Guilt), and Jury Instruction 10 (Venue for Conspiracy). The United States reserves the right further to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:      /s/ Adam Bookbinder
Adam J. Bookbinder
Assistant U.S. Attorney
Mona Sedky
US Dept. of Justice Trial Attorney

1

<u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the ECF system will be sent electronically to counsel as identified on the Notice of Electronic Filing.

<u>/s/ Adam Bookbinder</u>

Dated: February 14, 2012

**INDEX**

| Proposed Instruction | | Page |
|---|---|---|
| 1. | <u>Conspiracy</u> | 4 |
| 2. | <u>Conspiracy Involving Supplier</u> | 7 |
| 3. | <u>Single or Multiple Conspiracies</u> | 9 |
| 4. | <u>Elements of Wire Fraud</u> | 11 |
| 5. | <u>Wire Fraud Definitions</u> | 12 |
| 6. | <u>Aiding and Abetting</u> | 15 |
| 7. | <u>Pinkerton Liability</u> | 16 |
| 8. | <u>Cooperating Witnesses</u> | 17 |
| 9. | <u>Consciousness of Guilt</u> | 19 |
| 10. | <u>Venue for Conspiracy</u> | 20 |

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
18 U.S.C. §371
Conspiracy

In Count One of the Superseding Indictment, the defendant is charged with conspiring to commit a federal crime -- specifically, the crime of wire fraud.   It is against federal law to conspire with someone to commit this crime.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the Superseding Indictment, and not some other agreement or agreements, existed between at least two people to commit wire fraud;

*Second*, that the defendant willfully joined in that agreement; and

*Third*, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime of wire fraud be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have

4

willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You do not need to find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role.   Nor do you need to find that the defendant had direct contact with, trusted, or liked each co-conspirator.[1]   But the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.   Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act.   It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the

---

[1] United States v. Mena-Robles, 4 F.3d 1026, 1033 (1st Cir. 1993); United States v. Heinemann, 801 F.2d 86, 91 (2d Cir. 1986); United States v. Nersesian, 824 F.2d 1294 (2nd Cir. 1987).

commission of one overt act.

18 U.S.C. §371; First Circuit Pattern Jury Instructions (Criminal), No. 4.03 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
18 U.S.C. §371
Conspiracy Involving A Supplier of Products or Services

In certain circumstances, a supplier of products or services to illegal users can become a party to a conspiracy.   Here, in order to find the defendant guilty of conspiring with those he supplied, you must find that he shared their intent to achieve the criminal objective.   In other words, you must find that, by supplying the products or services, the defendant intended to further and promote the illegal use.[2]   It is not enough for you to find merely that he supplied a product or service that was then used by others in an illegal manner, without the supplier's knowledge and intent.   It is not enough to find that the illegal use was merely a foreseeable consequence or collateral effect of the defendant's supplying the products or services.   You must find that the illegal use was a purpose of the conspiracy.[3]

Different types of evidence can support an inference that the defendant shared his customers' criminal intent.   This includes the nature of the products or services supplied, for example, whether they are inherently susceptible to illegal use or are hard-to-get items that are often used in an illegal manner.[4]   It also includes whether the defendant provided continued assistance or support to his customers.[5]   It includes whether the defendant had a financial interest in the customers' success.[6]   It includes whether the defendant provided the products or services in

---

[2] Direct Sales Co. v. United States, 319 U.S. 703, 713 (1943).

[3] United States v. Pappathanasi, 383 F.Supp.2d 289, 291-92 (D. Mass. 2005) (citing United States v. Goldberg,105 F.3d 770, 773-74 (1st Cir. 1997).

[4] Direct Sales, 319 U.S. at 713; United States v. Grunsfeld, 558 F.2d 1231, 1237 (6th Cir. 1977).

[5] United States v. Chamley, 376 F.2d 57, 59 (7th Cir. 1967); Grunsfeld, 558 F.2d at 1237; United States v. Yahiz- Cremata, 503 F.2d 963 (5th Cir. 1974).

[6] Direct Sales, 319 U.S. at 1682; United States v. Garcia-Rosa, 876 F.2d 209, 216 (1st Cir. 1989), vacated in part on other grounds Rivera-Feliciano v. United States, 498 U.S. 954 (1990); Chamley, 376 F.2d at 60.

a high volume or at a high price or repeatedly over time. [7]   It also includes whether the defendant

acted in a secretive manner. [8]   It includes whether he personally engaged in lawbreaking himself. [9]

You may consider these things in deciding whether the defendant intended to conspire with his

customers.

---

[7] <u>Direct Sales</u>, 319 U.S. at 711; <u>Chamley</u>, 376 F.2d at 59; <u>Grunsfeld</u>, 558 F.2d at 1236.
[8] <u>United States v. Loew</u>, 145 F.2d 332 (2d Cir. 1944); <u>United States v. Rush,</u> 666 F.2d 10, 11 (2d Cir. 1981).
[9] <u>United States v. Tramaglino</u>, 197 F.2d 928, 931 (2d Cir. 1952).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
Single or Multiple Conspiracies

Count One charges that there was a single conspiracy.   You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.   Similarly, if you find that the defendant was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.[10]

In deciding whether there was more than one conspiracy, you should concentrate on the nature of the agreement. To prove a single conspiracy, the government must convince you that each of the members agreed to participate in what he knew was a group activity directed toward a common goal. There must be proof of an agreement on an overall objective.

But a single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. These are all things that you may consider in deciding whether there was more than one conspiracy, but they are not necessarily controlling.

Similarly, just because there were different sub-groups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. Again, you may consider these things, but they are not necessarily controlling.[11]

---

[10] Ninth Circuit Pattern Jury Instruction (Criminal), No. 8.22 (2010); Fifth Circuit Pattern Jury Instruction (Criminal) No. 2.21 (2001).
[11] Adopted from Sixth Circuit Pattern Jury Instruction No. 3.09 and Third Circuit Pattern Jury Instruction 6.18.371H.

In determining whether there was a single conspiracy or separate and unrelated conspiracies, you should consider the totality of the circumstances, including whether there was a common goal, whether there was interdependence among the participants, and whether there was overlap among the participants.[12]   Overlap among the participants may be established by the pervasive involvement of a single core conspirator, or hub character.[13]   The government has charged that the defendant was this "hub."

---

[12]   <u>United States v. Portela,</u> 167 F.3d 687, 695 (1st Cir. 1999).
[13]   <u>United States v. Dellosantos,</u> 649 F.3d 109, 118 (1st Cir. 2011).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
18 U.S.C. §1343
Wire Fraud

In Counts Two through Eleven of the Superseding Indictment, the defendant is charged with committing wire fraud.   Wire fraud is also the substantive crime alleged to have been the purpose of the conspiracy.   Therefore, I will define the elements of wire fraud:

*First,* a scheme, substantially as charged in the Superseding Indictment, to defraud or obtain money or property by means of false or fraudulent pretenses;

*Second*, the scheme involved a false statement, representation or concealment about material facts;

*Third*, the defendant's knowing and willful participation in the scheme with the intent to defraud; and

*Fourth*, the use of interstate wire communications, on or about the date alleged, in furtherance of the scheme.

First Circuit Pattern Jury Instructions (Criminal), No. 4.13.   Neder v. United States 527 U.S. 1, 25 (1999).

11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
18 U.S.C. §1343
Wire Fraud Definitions

Interstate wire communications include communications made by telephone, fax, and the internet, from one state to another.

A scheme includes any plan, pattern or course of action.   The term "defraud" means to deprive another of something of value by means of deception or cheating.   A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.   It is not necessary, however, that the defendant personally benefit or profit from the scheme.[14]

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.   The statements or assertions can be made and received electronically.

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decisionmaker to whom it was addressed.   Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decisionmaker to whom it is addressed.

A person acts "knowingly" if he or she was conscious and aware of his or her actions, realized what he or she was doing or what was happening around him or her and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the

---

[14] United States v. Silvano, 812 F.2d 754, 758-62 (1st Cir. 1987).

specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.   Thus, if the defendant acted in good faith, he or she cannot be guilty of the crime.   The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the working of the human mind.   In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.   You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you to decide what facts are proven by the evidence received during this trial.

It is not necessary for the government to prove all of the details concerning the precise nature and purposes of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud, substantially the same as the one alleged in the Superseding Indictment, and that the use of the wire communications facilities in interstate

13

commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate wire transfer or telephone call or fax transmission to be made in an attempt to execute or carry out the scheme.   To "cause" an interstate wire communication to be made is to do an act with knowledge that an interstate wire communication will follow in the ordinary course of business or where such wire transfer can reasonably be foreseen.

First Circuit Pattern Jury Instructions (Criminal), No. 4.13 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
18 U.S.C. §2
Aiding and Abetting

The Superseding Indictment also charges that the defendant "aided and abetted" the commission of wire fraud.

To "aid and abet" means intentionally to help someone else commit a crime.   To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.   The defendant need not perform the underlying criminal act, be present when it is performed or be aware of the details of its execution to be guilty of aiding and abetting.   Furthermore, the defendant does not need to be aware of the identity of, or communicate with, the person who performed the underlying criminal act.[15]   But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.   Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done willfully if done voluntarily and intentionally with the intent that something that the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law.

First Circuit Pattern Jury Instructions (Criminal), No. 4.02 (1998).

---

[15] United States v. Lawson, 872 .2d 179, 181 (1989); United States v. White, 366 F.2d 474 (10th Cir. 1966); United States v. Blitz, 533 F.2d 1329 (2nd Cir. 1976).

15

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
18 U.S.C. §1343
*Pinkerton* - Wire Fraud

There is another way that the defendant may be found guilty of wire fraud.   A defendant may be convicted of wire fraud if you find him guilty of the conspiracy charge in Count 1 and you also find that it is proven beyond a reasonable doubt that another conspirator committed the charged wire fraud pursuant to their conspiratorial agreement, at a time when the defendant was a member of the conspiracy, in an effort to achieve a shared goal of their conspiracy, and that the fraud the other conspirator committed was one that the defendant should have reasonably foreseen might be committed as a result of his conspiracy.

Jury Instructions in United States v. Salvatore DiMasi, Cr. No. 09-10166-MLW.

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
Cooperating Witnesses

You have heard testimony from two witnesses, Craig Phillips and Nathan Hanshaw, who participated in the crime charged against the defendant and testified pursuant to plea agreements with the government.   The plea agreements provide that no testimony given by Phillips and Hanshaw can be used against them, directly or indirectly, except in a prosecution for perjury if they testify falsely.   In the Phillips plea agreement, the government also promised to recommend a reduced sentence for Phillips if, in the government's view, he testified truthfully and provided substantial assistance to the government in the investigation or prosecution of others.   Phillips has not been sentenced yet.   Hanshaw's situation is different from that of Phillips, because Hanshaw has already been sentenced for his crimes, and he has served that sentence.    Therefore, the government cannot recommend any reduced sentence for Hanshaw, because he has already served his sentence.   You are instructed that the government is entitled to enter into such agreements and present such witnesses.

Some people in Phillips's position are entirely truthful when testifying.   However, the testimony of Phillips should be examined by you with greater care than that testimony of an ordinary witness.   You should scrutinize it closely because a witness hoping to get his sentence reduced may have a motive to testify falsely against others, by making up stories or exaggerating what others did, because the witness wants to help himself.

As with all evidence, in deciding whether Phillips's testimony was truthful, you should consider, among other things, whether it was contradicted or corroborated by other evidence in the case.   You should scrutinize Phillips's testimony with great care and rely upon it with caution. If, after doing so, you find some or all of Phillips's testimony to be true, you should give it such

17

weight as you believe it deserves.

Adapted from Jury Instructions in <u>United States v. Salvatore DiMasi</u>, Cr. No. 0910166-MLW.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
<u>Consciousness of Guilt</u>

You have heard some evidence of what the government asserts are efforts to conceal information that the government contends show that the crimes charged in this case occurred and that the defendant who allegedly acted to conceal information knew that he had committed those crimes.

You should decide whether the defendant did something to conceal information.

If so, you should decide whether any action to conceal is evidence of a consciousness of guilt concerning any or all of the crimes charged in this case.   Feelings of guilt may exist in innocent people, and facts of concealment do not necessarily reflect actual guilt of particular crimes.   In your consideration of the evidence of the alleged acts of concealment, you should consider that there may be reasons for a person's actions that are fully consistent with innocence of the crimes charged in this case.

It is up to you to decide if there is proof of acts of concealment and, if so, whether they show a consciousness of guilt concerning the crimes charged here.   If these facts are proven, you must decide what weight or significance to give them.

Adapted from Jury Instructions in <u>United States v. Salvatore DiMasi</u>, Cr. No. 0910166-MLW.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
Venue for Conspiracy

Count One of the Superseding Indictment charges the defendant with conspiracy.   The

indictment alleges that some act in furtherance of the offenses charged occurred here in

Massachusetts.   There is no requirement that the entire conspiracy charged in Count One take

place in Massachusetts.   But for you to return a guilty verdict on the conspiracy count, the

government must convince you that either the agreement or one of the overt acts took place here in

Massachusetts.   The government does not need to prove that the defendant or any co-conspirator

was physically present in Massachusetts.   It would be sufficient if the defendant or a

co-conspirator sent an e-mail message or mailed a package into Massachusetts.[16]

Unlike all the elements that I have described, this fact only has to be proved by a

preponderance of the evidence. This means the government only has to convince you that it is

more likely than not that some part of the conspiracy took place here.

Remember that the government must prove all the elements I have described beyond a

reasonable doubt.

Adapted from Third Circuit Pattern Jury Instruction 3.09 and Sixth Circuit Pattern Jury Instruction
3.07.

---

[16] United States v. Rommy, 506 F.3d 108, 119-120 (2d Cir. 2007); United States v. Santiago,
83F.3d 20, 24-25 (1st Cir. 1996); United States v. Cordero, 668 F.2d 32 (1st Cir. 1981).