UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |
| | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
REGARDING CO-CONSPIRATOR STATEMENTS
AND 47 U.S.C. § 230**

In response to the Court's February 9, 2012, Order, the Government submits this supplemental memorandum addressing the use of extrinsic evidence to establish membership in a conspiracy and whether 47 U.S.C. § 230 applies to this case.

**I.     Extrinsic Evidence To Establish Conspiracy**

As set forth in its Motions In Limine to Admit Chats and Posts, and supporting memoranda, the government intends to rely in part on Fed. R. Evid. 801(d)(2)(e), the co-conspirator exception to the hearsay rule, to introduce several out-of-court statements made in chats and posts by various declarants. The proponent of such evidence must show the conspiracy by evidence including "some extrinsic proof," United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993), and cannot rely "exclusively" on the statement itself. But the statements themselves may also be considered in determining admissibility. United States v. Martinez, 430 F.3d 317 (6th Cir. 2005). The requirement to provide "some extrinsic proof" relates only to establishing the existence of the conspiracy. It does not apply to establishing the "during" or "in furtherance of" prongs of the co-conspirator exception. United States v. Aviles-Colon, 536 F.3d 1, 13 n. 10 (1st Cir.

1

2008) (holding that "we need not rely on extrinsic evidence when considering whether the government has met its burden of establishing that a statement was made during and in furtherance of the conspiracy. . . . only the first half of this two-part requirement demands the introduction of extrinsic evidence") (quotations omitted).  Although there is no requirement that the extrinsic evidence be admissible, the government intends to offer admissible, extrinsic evidence to establish that each declarant was in a conspiracy with the defendant.

It is worth noting, at the outset, that courts have held that statements by an unknown declarant can still fall within the co-conspirator hearsay exception.  Martinez, 430 F.3d at 326 (holding that an "anonymous statement may be admissible under Rule 801(d)(2)(E) if circumstantial evidence permits a finding by a preponderance of the evidence that there was a conspiracy involving the author and the defendant, and the statement was made in the course and furtherance of the conspiracy") (citing United States v. Breitkreutz, 977 F.2d 214, 219 (6th Cir. 1992)).  "What is essential is that the government show that the unknown declarant was more likely than not a conspirator." Id. (citing United States v. Helmel, 769 F.2d 1306, 1313 (8th Cir. 1985)).

Here, the government intends to rely on the co-conspirator statements themselves as well as the following categories of admissible, "extrinsic evidence" to establish that the declarants were co-conspirators:

1. Craig Phillips chats:
    a. Phillips's own testimony about his own role in the business
    b. Lindquist's testimony about Phillips' role in the business
    c. Hanshaw's testimony about Phillips' role in the business

2

    d. Documents showing that Phillips was a shareholder and officer of TCNiSO

2. Isabella Lindquist chats:

    a. Lindquist's own testimony about her role in the business

    b. Phillips's testimony about Lindquist's role in the business

    c. Hanshaw's testimony about Lindquist's role in the business

    d. Documents showing that Harris made Lindquist a shareholder of TCNiSO

3. "Mr. T" chats

    a. Harris's statements to Mr. T, referencing Mr. T's role as a broker for TCNiSO

4. "MooreR" chats

    a. Harris's statements to MooreR, referencing MooreR's role as the author of TCNiSO's packet sniffer and MAC changer software

5. "LVNeptune" post

    a. Location of post on "members" forum establishes that LVNeptune was a member with a password and was able to access password-protected members' forum

6. "JoeTechno" post

    a. Location of post on "members" forum establishes that JoeTechno is a member with a password and was able to access password-protected members' forum.

    b. Because JoeTechno's post is only a question, it is not an assertion that has any truth or falsity associated with it and is therefore not hearsay.

7. "bored7one4" post

    a. Customer records establish that this user made purchases from TCNiSO. Customer records for this and other customer/posters are attached as an exhibit to this memorandum.

    b. Location of post on "members" forum establishes that he was a "member" with a password and was able to access password-protected "members" forum.

    c. Customer records also establish this user's name is Jason Ea.

8. "Sean19661"

    a. The attached customer records establish that this user made a purchase from TCNiSO.

    b. Customer records also establish this user's name is Sean Davidson.

9. "Aspeer"

    a. The attached customer records establish that this user made purchases from TCNiSO.

    b. Customer records also establish this user's name is Andrew Speer.

10. "dj212"

    a. The attached customer records establish that this user made a purchase from TCNiSO.

    b. Customer records also establish this user's name is Joel Ort.

**II.     47 U.S.C. § 230 has no effect on federal criminal law enforcement.**

To the extent that 47 U.S.C. § 230 of the Communication Decency Act provides a "safe harbor" for publishers, § 230(e)(1) specifically provides that the "safe harbor" has no applicability to "any other Federal criminal statute." ("Nothing in this section shall be construed to impair the enforcement of . . . . any other Federal criminal statute.")  Nor, as is set forth in the Government's Opposition to the Defendant's Motion in Limine, does it announce any type of exclusionary rule or otherwise abrogate or affect the Federal Rules of Evidence.

**A.  No Applicability to Fed. R. Evid.**

Harris claims that the posts "are statutorily protected speech" and tries to contort provisions in the CDA into some type of novel evidentiary exclusionary rule, but he cites no authority for this proposition.  Whether the posts might have some type of First Amendment protection is irrelevant to the question of whether they are admissible under the Federal Rules of Evidence.  Likewise, whether the CDA might protect Harris from a civil tort suit is not germane to this evidentiary question.  Nor does the case he cites, Universal Communications System, Inc. v. Lycos, Inc., 478 F.3d 413 (1st Cir. 2007), help him.  As the Court in Universal noted, the CDA creates statutory limits on imposing intermediary civil tort liability on a provider of an interactive service as a "publisher." The CDA has no bearing on whether posts on Harris's websites are admissible at trial to help establish his knowledge and intent about how his users were using his products.

**B.  No Blanket Immunity**

In his proposed jury instructions, Harris appears to be trying to contort the CDA into some type of blanket immunity/legal defense but again cites no authority for this

assertion. As set forth above, the statute itself specifically exempts federal criminal laws from the ambit of the "safe harbor." 47 U.S.C. § 230(e)(1). Nor do the policies behind the CDA apply. Whether the posters or Harris enjoy some type of First Amendment protection or whether Harris would be immune from a state law tort claim against him as a publisher is irrelevant to the inquiry before the court: is Harris guilty of conspiracy to commit wire fraud and wire fraud for helping his customers steal service. Further, Harris is not being prosecuted for his customers' speech -- their act of posting on his website. He is being prosecuted for his own conduct -- helping his customers (both posters and non-posters alike) steal service by providing them with cable modem hacking tools.

Finally, to the extent that the CDA is in part designed to abrogate any legal presumptions about a publisher's knowledge of the contents of his website, here, the government does not intend to rely on a presumption. Rather, the government intends to prove through Lindquist, Phillips, and others, that Harris was aware of the posts. Harris is free to offer evidence or argue to the jury that he was not.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

By:    */s/ Adam Bookbinder*
         Adam J. Bookbinder
         Assistant U.S. Attorney
         Mona Sedky
         DOJ Trial Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Adam Bookbinder*

Dated: February 14, 2012