UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
            )
 v.         )   CRIMINAL NO. 09-10243-MLW
            )
RYAN HARRIS      )

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL
MEMORANDUM REGARDING CO-CONSPIRATOR STATEMENTS
AND 47 U.S.C. § 230

In this submission, Harris responds to the government's memorandum addressing the

evidence necessary to introduce a statement under Rule 803(d)(2)(E) and the applicability of 47

U.S.C. § 230.

## I.   Extrinsic Evidence to Establish Conspiracy

After setting out the rules surrounding the admission of evidence under Rule

803(d)(2)(E), the government asserts that courts have held that statements by an unknown

declarant can fall within the co-conspirator hearsay exception.  The government then cites a

single case from the Sixth Circuit to support this statement.  United States v. Martinez, 430 F.3d

317 (6th Cir. 2005).  This case, however, does not suggest that the statements at issue here

should be admitted under this exception.

In Martinez, the Court held that an unsigned letter found at an alleged co-conspirator's

house could be introduced under Rule 803(d)(2)(E).  This letter discussed, in great detail, the

members of the alleged conspiracy, the workings of the conspiracy, the criminal charges that

were pending against members of the conspiracy, and the fact that some members of the

conspiracy were cooperating with the government (which many of them were).  Id. at 324-35.

The letter suggested that the recipient should take care of these members of the conspiracy before they landed everyone in jail.  Id.  The content of the letter evince the writer's deep knowledge of the charged conspiracy.  Id. at 326.  Critically, however, the Court failed to specifically discuss what evidence, extrinsic to this content, suggested that the writer was part of the conspiracy.  It seems that had the Court considered this question, it would have been forced to conclude that there was no evidence, apart from the content of the letter, that the author was part of a conspiracy with the individuals against whom the letter was offered.

The government fails to confront the First Circuit ruling in United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993).  Whatever the Sixth Circuit may have said in Martinez, it is clear that the First Circuit does not permit the admission of statements by individuals, unknown to the Court, under Rule 803(d)(2)(E), because the government cannot prove that such an individual was part of a conspiracy involving the defendant.

The government lists the extrinsic information that it plans to introduce to prove that certain individuals were engaged in a conspiracy with Harris.  Harris argues that none of the proffered co-conspirator hearsay should be admitted because the government has not presented sufficient evidence to establish that any of the individual declarants was engaged in a conspiracy with Harris.  With respect to chat conversations between Harris and Mr. T and Harris and MooreR, the government asserts that Harris's own statements in those conversations establish the necessary conspiracy.  Even assuming that one side of a conversation can ever be considered "extrinsic evidence" from the other side of the conversation, reading Harris's statements alone do not prove that Harris was in a conspiracy with either Mr. T or MooreR.

2

In connection with forum posts by LVNeptune and JoeTechno, the sole extrinsic evidence of a conspiracy that the government offers is that these individuals had access to and posted on the member's forum portion of TCNISO.  However, there is no evidence about how these individuals got access to the members forum.  They could have gotten it from buying a product, from buying a membership apart from a product, or because someone involved in the forum gave them access.  None of these things indicates that these individuals were engaged in a conspiracy with Harris.  There is no extrinsic evidence to suggest that these individuals ever purchased or used any TCNISO product.

The government also states that JoeTechno's post is admissible because it is a question not a statement.  The proffered post from JoeTechno reads: "hi first time posting so just wondering I have a [Surfboard modem] forgot which number but i know i can uncap it. However what i'm wondering whats the chances of me getting caught in Ny for RR. Also is there any advice you guys could give me not to get caught."  Gov't Ex. 24, at 11.  However, his post is only relevant if one presumes that the statements underlying the question, that JoeTechno can and will use his modem to get enhanced service without paying and that the cable company would try to prevent this, are true.  Cf. United States v. Catano, 65 F.3d 219, 225 (1st Cir. 1995) (statements admitted to provide context are only admissible if they are introduced strictly "for context and not for the truth of the matter asserted").  The government is attempting to introduce this forum post for the truth of the matter, and if it does not meet the requirements of Rule 803(d)(2)(E), it is not admissible.

With respect to the other forum posters, bored7one4 (who the government also alleges posted in the members only portion of the forum), Sean19661, Aspeer, and dj212, the

government argues that Rule 803(d)(2)(E) is satisfied because these individuals made purchases from TCNISO and because it can tell this Court their full names.  The full names of these individuals does not make them any less anonymous; by whatever name these individuals are known in whatever context, they will never be anything more than a name to this Court.  The Court will never hear their testimony, and they will exist solely as disembodied voices allowed to testify without the possibility of impeachment.

Nor does the fact that these individuals made purchases from TCNISO extrinsic evidence that they were in a conspiracy with Harris. Evidence that the screen names of these forum posters match screen names from TCNISO purchase records is evidence of a buyer-seller relationship; it is not independent evidence that these users were engaged in a conspiracy with Harris.  Only the forum posts themselves provide any hint that these individuals were engaged in any illicit activity or were part of a conspiracy with Harris.  Without evidence of conspiracy apart from the proffered statements, these forum posts cannot be introduced as co-conspirator hearsay. Evidence that individuals purchased TCNISO products is not evidence that they bought the products to obtain free or faster internet, or that they succeeded in doing so. It is only their statements that provide any hint of their purposes or actual uses.

**II.     47 U.S.C. § 230**

The government asserts that 47 U.S.C. § 230 has no application to this case.  First, the government implies that the crime exception in § 230(e)(1) prevents the application of the statute to this case.  However, this exception is not as broad as the government suggests.  This exception pertains to cases in which the content posted on the forum is, itself, criminal.  There is no suggestion that any criminal information was posted in this case; as Harris has requested the

Court to instruct, there is no law prohibiting the discussion or trading of MAC addresses or configuration files.

Section 230 speaks directly to the question of when a forum owner can be made responsible for the speech of others posted on that forum.  The government recognizes that this section "creates statutory limits on imposing intermediary civil tort liability on a provider of an interactive service as a 'publisher.'" Gov't Supp. Memo. at 5.  A civil tort suit against a publisher would rely on an agency theory to impute responsibility for the content of the forum to the forum owner (much as an employer can be held responsible for the conduct of its employees during the course of the employment).  As the Ninth Circuit has explained, the fact of this relationship, not the precise form of the case is critical: "Thus, what matters is not the name of the cause of action—defamation versus negligence versus intentional infliction of emotional distress—what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another.  To put it another way, courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1101-02 (9th Cir. 2009).  Although this is a criminal, rather than a civil case, the government is attempting to treat Harris as the speaker of the information published on his forum, and § 230 forbids this.  Like a tort suit, Rule 803(d)(2)(E) relies on agency theory to impute responsibility for a statement made by one person to another.  Just as it did in the civil tort context, § 230 operates to bar the formation of such a relationship.

Section 230 does not change the rules of evidence; it prevents the formation of the relationship

that is a necessary predicate to the application of Rule 803(d)(2)(E).

<div style="margin-left: 40%;">

RYAN HARRIS
By his attorney,

/s/ Charles P. McGinty

Charles P. McGinty
 B.B.O. #333480
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

</div>

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2012.

<div style="margin-left: 40%;">

/s/ Charles P. McGinty

Charles P. McGinty

</div>