UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

DEFENDANT'S MOTION IN LIMINE: Re: RUSSIAN WEB HOST

Defendant Ryan Harris respectfully moves, pursuant to Federal Rule of Evidence 403 and his Constitutional Right to Due Process, to exclude any testimony or evidence regarding the fact that the TCNISO website was, at some time, hosted by a company in Russia. This evidence is unduly prejudicial without being probative of any disputed issue, and would serve only to distract and confuse the jury. This Court has already made a preliminary ruling barring a chat conversation that referenced the fact that the website was hosted in Russia at one time.

The government has indicated that it intends to elicit testimony regarding the fact that the TCNISO website was, at one time, hosted by a company in Russia. However, undisputed evidence also shows that Harris moved the TCNISO website from the host based in Russia to GoDaddy, a website host based in Arizona, in approximately 2007. All of the records that the government relies on and seeks to introduce were produced by GoDaddy; none of the evidence or testimony in this case is based on information derived from the Russian company.

The uncontested fact that Harris moved the website from Russia to the United States negates any relevance that evidence regarding the Russian host might have in terms of consciousness of guilt. Moreover, the location of the website host does not tend to make any disputed issue at trial more or less likely. This evidence is not appropriate consciousness of guilt evidence. "[E]vidence of a defendant's flight and attempts to conceal or falsify identity may be presented at trial as probative of a guilty mind if there is an adequate factual predicate creating

an inference of guilt of the crime charged." <u>United States v. Tracy</u>, 989 F.2d 1279, 1285 (1st Cir. 1993).  Such a factual predicate does not exist here; the factual predicate is heavily contested.  Any concerns Harris may have had about product lawfulness pertained to issues of possible copyright infringement (e.g., possibly aiding downloads or uploads of movie or music content, or using copyrighted pictures from the Motorola website on the TCNISO website), not possible wire fraud.  The government has brought novel charges here, diminishing any likelihood that any of Harris' actions or comments bore on the crime charged <u>here</u>, and not some other.

      Evidence relating to the fact that TCNISO was, at one time, hosted in Russia, has no probative value, and would only prejudice and confuse the jury.  Such testimony and evidence should be excluded under Rule 403.

                              RYAN HARRIS
                              By his attorney,

                              /s/ Charles P. McGinty

                              Charles P. McGinty
                                B.B.O. #333480
                              Federal Defender Office
                              51 Sleeper Street
                              Boston, MA  02210
                              Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2012.

                              /s/ Charles P. McGinty
                              Charles P. McGinty