UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

DEFENDANT'S RENEWED MOTION IN LIMINE:
Re: HIS OWN ALLEGEDLY UNLAWFUL CONDUCT

Defendant Ryan Harris respectfully moves, pursuant to Federal Rules of Evidence 403 and 404(b) and his Constitutional Right to Due Process, to exclude any testimony or evidence regarding his own alleged use of TCNISO products. This evidence is unduly prejudicial without being probative of any disputed issue, would serve only to distract and confuse the jury, and is evidence of other bad acts introduced solely to show action in conformity.

The government has indicated that it intends to elicit testimony alleging that Harris used TCNISO products to get free or enhanced internet service. The government suggests that evidence tends to show Harris's knowledge that TCNISO products could be used this way and his intent to join in a conspiracy with and to help product users to attain these ends. It further asserts in its proposed instructions that Harris's use is probative of the existence of a conspiracy and now offers a consciousness of guilt instruction, thereby seriously elevating the significance and prejudice of such evidence.

Evidence must be excluded under Rule 404(b) if "[i]t involves an inference of propensity as 'a necessary link in the inferential chain.'" United States v. Varoudakis, 233 F.3d 113, 120 (1st Cir. 2000). In Varoudakis, the First Circuit held that evidence that the defendant had committed a prior arson was inadmissable because it was offered to show propensity–that because the defendant had committed a prior arson to relieve financial difficulties, it was "more

likely that he committed the [charged] arson in response to financial stress." Id.  The proffered evidence regarding Harris's use of TCNISO products serves the same purpose; it would cause the jury to infer that because Harris intended to get and got free or enhanced internet access using TCNISO products, he intended for others to obtain the same benefit using the same products.  Rule 404(b) prohibits the use of prior bad acts to show propensity in this way.

The government has not charged Harris with his own use of TCNISO products, and this evidence is not relevant.  This evidence, particularly testimony that he needed free internet to download music and videos more quickly (and, impliedly, illegally), would serve only to show propensity.  Ample evidence, including Harris's book, will show that Harris knew that TCNISO products could be used to obtain free or uncapped internet.  The critical issues in this case involve whether Harris had the requisite knowledge and intent to help a given user get free internet from a given ISP.  Evidence that Harris knew something could happen is not evidence that he knew that it would happen or that he intended to help other people make it happen.  See Pappathanasi, 383 F.Supp.2d at 291-92 (D. Mass. 2005).  Evidence that Harris himself used the products to obtain free internet does not shed any light on whether Harris knew about his users' ends or intended to further them.

All testimony that Harris used TCNISO products himself must be excluded under Rules 403 and 404(b).

        RYAN HARRIS
        By his attorney,

        /s/ Charles P. McGinty

        Charles P. McGinty
         B.B.O. #333480
        Federal Defender Office
        51 Sleeper Street
        Boston, MA  02210
        Tel: 617-223-8061

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2012.

                                            /s/ Charles P. McGinty
                                            Charles P. McGinty