UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

DEFENDANT'S RENEWED OBJECTION TO
PAGES 3 THROUGH 6 OF GOVERNMENT EXHIBIT 3

Defendant, Ryan Harris, moves this Court, pursuant to FRE 403 and 802, to exclude

pages 3 through 6 of the Government's newly revised Exhibit 3 as hearsay to which no exception

applies and as violative of Rule 403.  This afternoon, the government provided revised exhibits

to counsel and to this Court's Clerk.  Harris has a variety of objections to each of these proposed

exhibits, but pages 3 through 6 of Exhibit 3 are of especial concern.

Exhibit 3 contains images of the TCNISO web forum.  Pages 3 through 6 of this exhibit

are attached to this filing, and contain a list of topics posted by users in one section of the

TCNISO web forum.  The government states that it has redacted these pages so that none of the

content on the pages are assertions, and argues that these pages are admissible not for the truth of

the matter.  The government's argument is unpersuasive, and Harris renews his objection that the

content of these pages are hearsay to which no exception applies.

Regardless of how they are phrased, these topic headings are clearly offered for the truth

of the matter – to show that individuals were trading MAC addresses for the purpose of obtaining

free or faster internet service.  Topic headings such as "Comcast Mac Trade," "ANY1 WANT

TO TRADE MACS," and "Charter mac exchange," for example, are offered as statements to

prove the truth of the government's assertion that the forum is a place in which MAC addresses

are traded.   Cf. United States v. DeCologero, 530 F.3d 36, 59 (1st Cir. 2008) ("Statements that provide 'context' only if they are true . . . are still considered hearsay.").

Not only are the headings themselves offered for the truth, these pages include a statement of how many people read and participated in a conversation about any given topic.  For example, the topic entitled "Comcast Mac Trade" appears to have been viewed over 5,000 times.  Thus, not only does the government seek to introduce the hearsay evidence that one individual chose to entitle a topic "Comcast Mac Trade" to get free or faster service, it seeks to introduce the Trojan Horse hearsay that more than 5,000 people joined the topic in order to get free or faster service.

This exhibit is only useful to the government if one assumes the truth underlying each heading; that MAC addresses were being traded and ISPs were being discussed for the purpose of obtaining free or faster internet service.  If the assertions underlying the topic headings are removed from the equation, the government would have no interest in introducing this portion of exhibit 3.  The government's opening relied heavily on assertions that a "black market" for MAC addresses existed.  Clearly, it offers pages 3 through 6 of exhibit 3 for their truth; to prove the government's assertion that such a "black market" existed.  Without this exhibit, the government has produced no such all-encompassing evidence.

Because pages 3 through 6 of exhibit 3 are offered for their truth, they should be excluded as hearsay to which no exception applies and as unduly prejudicial.  Harris has other objections to the Government's revised Exhibits, but wished to alert the Court to this objection in particular.

RYAN HARRIS
By his attorney,

/s/ Charles P. McGinty

Charles P. McGinty
 B.B.O. #333480
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 25, 2012.

/s/ Charles P. McGinty

Charles P. McGinty