UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  09-10243-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN HARRIS, | ) | |
| | ) | |
| Defendant | ) | |

**LIST OF CASES ADDRESSING INTERSTATE WIRES
AND GOVERNMENT'S MOTION TO REOPEN EVIDENCE**

The government directs the Court to the following cases, noting that the use of the internet to communicate is a wire communication under 18 U.S.C. §1343. See, e.g. , United States v. Drummond, 255 F.Supp.Appx. 60, 64 (6th Cir. 2007); United States v. Pirello, 255 F.3d 728 (9th Cir. 2001); United States v. Leger, 377 F.App'x 911, 912–13 (11th Cir.2010); United States v. Curry, 461 F.3d 452, 457 (4th Cir.2006); United States v. Gajdik, 292 F.3d 555, 556 (7th Cir.2002); United States v. Lee, 296 F.3d 792 (9th Cir.2002); United States v. Rodriguez, No. 3:07–cr–414–PJB, 2008 WL 5157891, at *1 (D.Puerto Rico Dec.9, 2008).

The government asks the court to exercise its discretion to permit the government to reopen the evidence to introduce Exhibit 31 – the TCNISO GoDaddy web-hosting receipt (to which the defendant has stipulated) – and to elicit the following limited testimony from FBI Special Agent Russell:

1.     He knows from personal experience (including serving search warrants) that GoDaddy is located in Arizona; and

2.     Given the set-up of the internet, access of an internet website by an individual in Massachusetts necessarily involves interstate communications, because the access must go through one of six national hubs, none of which is located in Massachusetts.

Allowing the government to reopen the evidence is within the Court's discretion. See, e.g., United States v. Alderete, 614 F.2d 726, 727 (10th Cir. 1980); United States v. Marino, 562 F.2d 941, 944 (5th Cir. 1977). This would be an appropriate exercise of the Court's discretion, because the government's failure to elicit this testimony during its case in chief was merely an oversight; the interstate element was not disputed (defendant did not raise it in his Rule 29 motion); the testimony is non-controversial; and it can be accomplished in a few minutes, without delaying the trial.

If the Court will not allow the government to reopen the evidence, the government asks that the Court consider the following cases, holding that using the internet inherently involves an interstate communication. United States v. Fumo, 2009 WL 1688482 (E.D.Pa. June 17,2009); United States v. Hilton, 257 F.3d 50, 54-55 (1st Cir.2001); United States v. Lewis, 554 F.3d 208 (1st Cir. 2009); United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997); United States v. Runyon, 290 F.3d 223, 242 (5th Cir. 2002); United States v. Sutcliffe, 505 F.3d 944, 952-53 (9th Cir. 2007), United States v. Trotter, 478 F.3d 918, 921 (8th Cir.2007) (per curiam), United States v. MacEwan, 445 F.3d 237, 245 (3d Cir.2006). DNJ Logistic Group, Inc. v. DHL Express (USA), Inc., 2010 WL 625364 (E.D.N.Y. Feb. 19, 2010); but see United States v. Phillips, 376 F.Supp.2d 6 (D. Mass. 2005).

Some of these cases address the issue in the context of having the data travel within "interstate commerce," but the government submits that this is a distinction without a difference, for

the purposes of this case.

                          Respectfully submitted,

                          CARMEN M. ORTIZ
                          Acting United States Attorney

By:    */s/ Adam Bookbinder*
        Adam J. Bookbinder
        Assistant U.S. Attorney
        Mona Sedky
        Department of Justice Trial Attorney

### CERTIFICATE OF SERVICE

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                        */s/ Adam J. Bookbinder*

Dated: February 28, 2012