UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )        CRIMINAL NO. 09-10243-MLW
                                  )
                                  )
RYAN HARRIS                       )


DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION

Defendant, Ryan Harris, respectfully requests the Court to provide the jury with the

following instruction.

> If the alleged scheme does not have the necessary outcome of depriving an ISP of
> money or property, independent evidence of the intent to deprive the ISP of
> money or property must be presented.

This instruction is derived from United States v. Potter, 463 F.3d 9, 18-19 (1st Cir. 2006)

and United States v. Sawyer, 85 F.3d 713, 727-32 (1st Cir. 1996) (hereinafter Sawyer I).  In

Potter, the defendant asked for such an instruction, and based the request on language from

Sawyer I stating that such an instruction was necessary.  Potter, 463 F.3d at 19.  In Sawyer I, the

defendant was charged with honest services wire fraud after providing gifts to a state

representative. The First Circuit explained that this type of instruction, and others defining what

was *not* a crime, was necessary in Sawyer I because:

> In Sawyer I, the lobbyist had provided gifts of some value (sports tickets, trips,
> meals) to certain legislators, but there was mixed evidence as to what was sought
> in exchange. Because in Sawyer I these activities could easily have been viewed
> as distasteful, and were arguably illegal under state anti-gratuity laws, see Sawyer
> I, 85 F.3d at 727-32, the jury could have believed that cultivating a business
> friendship by means of gifts was itself honest services fraud. We said that the jury
> should be told that the latter was not honest services fraud. Id. at 727–29, 732,
> 741.

Potter, 463 F.3d at 19.  The Court held that such an instruction was not necessary in Potter

because there was no "risk" that the jury would confuse the million dollar bribe at issue in the

case with a permissible gift given "to cultivate friendship."  Id.

In the case at hand, there is a significant risk that the jury could conflate making and

selling a device that is legal to develop and sell with wire fraud.  In short, the jury could be led to

believe that product capability alone supports a wire fraud conviction.  Because product

capability or sale alone does not support conviction, the jury must be given the context to

understand that unless the alleged scheme had only one possible result, it must find independent

evidence that Harris intended each discrete wire fraud charged and all of their particulars.  This

case is much like Sawyer I, in that the legality and effect of the actions at issue are highly

contested and the jury could erroneously conclude the legal activity alone suffices to establish

wire fraud.

RYAN HARRIS
By his attorney,

/s/ Charles P. McGinty
Charles P. McGinty
 B.B.O. #333480
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on February 28,
2012.

/s/ Charles P. McGinty
Charles P. McGinty