UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 09-10243-MLW |
| | ) | |
| RYAN HARRIS | ) | |

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
PURSUANT TO RULE 29

Defendant, Ryan Harris, asks this Court to order the entry of a judgment of acquittal on the superseding indictment pursuant to Federal Rule of Criminal Procedure 29. As grounds for this motion, Harris states that the evidence, taken in the light most favorable to the government, is insufficient to permit a reasonable finder of fact to conclude, beyond a reasonable doubt that the government has proven all of the elements of each of the charges.

I.  LEGAL STANDARD

This Court recently set out the legal standard for analyzing a post-verdict Rule 29 motion:

> Rule 29(c)(2) provides that, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." The court must "scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." In making this sufficiency inquiry, the court must consider the direct and circumstantial evidence, as well as all plausible inferences drawn from it. This includes all of the evidence submitted to the jury regardless of whether it was properly admitted.
> In deciding a Rule 29 motion, the court may not "weigh the evidence or make any credibility judgments." Rather, credibility issues must be resolved in favor of the verdict.
> The court must decide if the evidence is sufficient to permit a rational jury to find each essential element to have been proven beyond a reasonable doubt. However, the government does not have to rule out every hypothesis "congenial to a finding of innocence."
> Moreover, the government is not bound by all of the evidence that it presents. However, if the government introduces evidence contrary to the

> inferences it wants the jury to draw, it must introduce other direct or circumstantial evidence to relieve itself of the effect flowing from the evidence introduced.

United States v. DiMasi, 810 F.Supp.2d 347, 351-52 (D. Mass. 2011) (internal citations omitted) (quoting United States v. Merlino, 592 F.3d 22, 29 (1st Cir.2010); United States v. Valle, 72 F.3d 210, 216 (1st Cir.1995)). The standards are similar for a pre-verdict motion for judgment of acquittal under Rule 29(a), except that instead of considering the evidence in the light most favorable to the verdict, this Court should consider the evidence in the light most favorable to the government. See United States v. Pappathanasi, 383 F.Supp.2d 289 (D. Mass. 2005).

II. THE GOVERNMENT HAS NOT MET ITS BURDEN OF PROVING THE COUNT ONE CONSPIRACY CHARGE.

Conspiracy requires proof of three elements: "(1) a conspiracy existed; (2) the defendant knew of the conspiracy; and (3) the defendant voluntarily participated in the conspiracy." United States v. Diaz, — F.3d —, 2012 WL 170761, at *11 (1st Cir. 2012). "To prove that the defendant 'belonged to and participated in the drug conspiracy, the government must show two kinds of intent: intent to agree and intent to commit the substantive offense.'" Id. (quoting United States v. Bristol-Martir, 570 F.3d 29, 39 (1st Cir. 2009). Generally, to obtain a conviction on Count 1, the government must prove that Harris "'knowingly and voluntarily agreed with others to commit a particular crime.'" United States v. Rivera-Rodriguez, 617 F.3d 581, 596 (1st Cir. 2010) (quoting United States v. Rivera Calderon, 578 F.3d 78, 88-89 (1st Cir. 2009)).

In the Superseding Indictment as well as throughout its briefings and in its arguments in this Court, the government has repeatedly represented that it has alleged and intends to prove a single conspiracy encompassing Harris, the named unindicted coconspirators, and all users of

TCNISO products. In order to prove a single conspiracy, rather than multiple similar conspiracies, the government must present evidence showing that the alleged group involved: "(1) a common goal, (2) interdependence among the participants, and (3) overlap among the participants." United States v. Portela, 167 F.3d 687, 695 (1st Cir. 1999) (footnote omitted).

The government has failed to present sufficient evidence to permit a rational jury to conclude that a single conspiracy existed. It has not presented evidence that all of the coconspirators had a common goal, that the participants were interdependent, or that the participants overlapped.

The government did not present sufficient evidence from which the jury could conclude that Harris knew of a conspiracy involving all users, voluntarily participated in such a conspiracy, that he had the intent to join such a conspiracy, or that he had the intent to commit the underlying substantive offenses.

The government did not present sufficient evidence to permit a rational jury to conclude that venue existed in Massachusetts.

Because the government has not presented sufficient proof of any of the elements of conspiracy or of venue for this charge in Massachusetts, this Court should grant a judgment of acquittal on Count 1. Additionally, Harris reasserts the argument, contained in his Motion to Dismiss, that this prosecution is void for vagueness and violates his Constitutional right to Due Process.

    III.    THE GOVERNMENT HAS NOT MET ITS BURDEN OF PROVING THAT HARRIS PARTICIPATED IN A SCHEME TO DEFRAUD WITH NATHAN HANSHAW, JOSE LAROSA, OR WILLIAM MADEIRA.

    A.    **Background Law**

3

To obtain a conviction on counts 2 through 9, the government must prove that Harris personally committed or aided and abetted wire fraud. "To prove wire fraud the government must show: 1) a scheme to defraud by means of false pretenses, 2) the defendant's knowing and willful participation in the scheme with the intent to defraud, and 3) the use of interstate wire communications in furtherance of the scheme." United States v. Cassiere, 4 F.3d 1006, 1011 (1st Cir. 1993). The falsehood upon which the scheme is based must be material, that is it must have "a natural tendency to influence, or [is] capable of influencing the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16, 25 (1999) (internal quotation marks omitted). To obtain a conviction for aiding and abetting wire fraud, the government must prove that someone committed the charged crime, and "that defendant associated himself with the underlying venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." United States v. Clifford, 979 F.2d 896, 899 (1st Cir. 1992)).

Harris submits that product capability alone does not suffice to prove wire fraud. The government has not proven, beyond a reasonable doubt, that the products at issue had a single use. Instead, the government's own witnesses acknowledged that the products had multiple possible uses, including by "geeks" who just wanted to know what was going on inside their modems, and multiple capabilities, including for opening ports and lifting filters to gain access to content that the ISPs blocked (although not at faster speeds), changing packet sizes to improve one's gaming experience, obtaining anonymity, and ensuring that one's internet service was consistent with what the ISP promised. Accordingly, no conclusion regarding their likely use by any given purchaser can be inferred from product capability.

**B.    Counts 2-5–Hanshaw**

4

Counts 2 through 5 charge Harris with wire fraud based on Hanshaw's alleged 2005 acquisition of a TCNISO product, his alleged 2007 acquisition of a TCNISO product, and his alleged use of TCNISO products in January 2007 and December 2007. These counts share a common problem–Hanshaw obtained TCNISO products without Harris's knowledge, and paid for none of them. Additionally, Harris tried to avoid association with Hanshaw, instructed Phillips to have nothing to do with Hanshaw, and banned Hanshaw from the TCNISO forums repeatedly. There is no basis to conclude that Harris shared a scheme with Hanshaw or caused Hanshaw to use a wire or could have foreseen that Hanshaw would use a wire. It is to engage in legal fiction to conclude that Harris willfully participated in a scheme that involved the conduct of Hanshaw, including the conduct of Hanshaw scamming former TCNISO employees in an effort to obtain raw product coding for undisclosed purposes.

The government has not provided sufficient evidence for a rational jury to conclude that Harris participated in a scheme to defraud or to make false representations with Hanshaw either as a principal or as an aider and abetter.

The government has not provided sufficient evidence for a rational jury to conclude that either Harris or Hanshaw devised a scheme to defraud based on false pretenses.

Nor has the government provided sufficient evidence for the jury to conclude that the scheme involved a material misrepresentation.

There is no factual basis to conclude that Hanshaw used TCNISO products; he received modified modems from other sources, and never purchased anything from TCNISO.

Nor is there any factual basis to conclude that Harris knew of or intended to harm Hanshaw's intended victim, Charter. Further, there is no basis to conclude that Hanshaw himself

harmed his intended victim.

The government has not provided sufficient evidence for a rational jury to conclude that Harris knowingly and willfully participated in a scheme to defraud devised by himself or Hanshaw. Nor is there sufficient evidence for a jury to conclude that Harris associated himself with a venture devised by Hanshaw, participated in it as though he desired its success, or acted to ensure its success, or that Hanshaw's intended victim, Charter, was known to Harris.

Nor is there enough evidence for a jury to conclude that the alleged wire transmission was in furtherance of a scheme to defraud devised by Harris or Hanshaw.

The government did not present sufficient evidence to permit a rational jury to conclude that venue existed in Massachusetts.

Because the government has not presented sufficient proof of any of the elements of wire fraud or of venue for this charge in Massachusetts, this Court should grant a judgment of acquittal on Counts 2 through 5. Additionally, Harris reasserts the argument, contained in his Motion to Dismiss, that this prosecution is void for vagueness and violates his Constitutional right to Due Process.

### C.   Counts 6 and 7–LaRosa

Counts 6 and 7 charge Harris with wire fraud based on LaRosa's alleged June 2008 acquisition of a TCNISO product and his alleged July 2008 use of a TCNISO product. These counts share common problems; LaRosa was not know to Harris. Harris and LaRosa did not communicate, Harris did not know of LaRosa's intended or actual use, and Harris did not benefit from LaRosa's alleged use.

The government has not provided sufficient evidence for a rational jury to conclude that

Harris participated in a scheme to defraud or to make false representations with LaRosa either as a principal or as an aider and abetter.

The government has not provided sufficient evidence for a rational jury to conclude that either Harris or LaRosa devised a scheme to defraud based on false pretenses.

Nor has the government provided sufficient evidence for the jury to conclude that the scheme involved a material misrepresentation.

There is no factual basis to conclude that Harris knew of or intended to harm LaRosa's intended victim, Charter. Further, there is no basis to conclude that LaRosa himself harmed his intended victim. There was no testimony that LaRosa had a Comcast cable running to his home or how he knew that he was receiving service from Comcast, and there was testimony that ISPs physically disconnect service from residences that do not contain subscribers such that there would be no way for an individual to gain service even using a TCNISO product.

The government has not provided sufficient evidence for a rational jury to conclude that Harris knowingly and willfully participated in a scheme to defraud devised by himself or LaRosa. Nor is there sufficient evidence for a jury to conclude that Harris associated himself with a venture devised by LaRosa, participated in it as though he desired its success, or acted to ensure its success, or that LaRosa's intended victim, Comcast, was known to Harris.

Nor is there enough evidence for a jury to conclude that the alleged wire transmission was in furtherance of a scheme to defraud devised by Harris or LaRosa.

The government did not present sufficient evidence to permit a rational jury to conclude that venue existed in Massachusetts.

Because the government has not presented sufficient proof of any of the elements of wire

fraud or of venue for this charge in Massachusetts, this Court should grant a judgment of acquittal on Counts 6 and 7. Additionally, Harris reasserts the argument, contained in his Motion to Dismiss, that this prosecution is void for vagueness and violates his Constitutional right to Due Process.

### D.     Counts 8 and 9–Madeira

Counts 8 and 9 charge Harris with wire fraud based on Madeira's alleged June 2009 purchase of a TCNISO product and Madeira's alleged July 2009 use of a TCNISO product. These counts share common problems; Madeira was not know to Harris. Harris and Madeira did not communicate, Harris did not know of Madeira's intended or actual use, and Harris did not benefit from Madeira's alleged use. Additionally, at no point during the alleged conduct did Madeira make or intend to make a material misrepresentation.

The government has not provided sufficient evidence for a rational jury to conclude that Harris participated in a scheme to defraud or to make false representations with Madeira either as a principal or as an aider and abetter.

The government has not provided sufficient evidence for a rational jury to conclude that either Harris or Madeira devised a scheme to defraud based on false pretenses.

Nor has the government provided sufficient evidence for the jury to conclude that the scheme involved a material misrepresentation.

There is no factual basis to conclude that Madeira used TCNISO products; he connected two modems to a router and used them to get internet access on a single laptop. There was no testimony that through this arrangement he received service via anything other than his subscribed Comcast modem. There was no evidence to indicate that arranging modems in a such

a manner was prohibited or discouraged by cable companies or that it harmed them in any way.

Nor is there any factual basis to conclude that Harris knew of or intended to harm Madeira's intended victim, Comcast. Further, there is no basis to conclude that Madeira himself harmed his intended victim.

The government has not provided sufficient evidence for a rational jury to conclude that Harris knowingly and willfully participated in a scheme to defraud devised by himself or Madeira. Nor is there sufficient evidence for a jury to conclude that Harris associated himself with a venture devised by Madeira, participated in it as though he desired its success, or acted to ensure its success, or that Madeira's intended victim, Comcast, was known to Harris.

Nor is there enough evidence for a jury to conclude that the alleged wire transmission was in furtherance of a scheme to defraud devised by Harris or Madeira.

The government did not present sufficient evidence to permit a rational jury to conclude that venue existed in Massachusetts.

Because the government has not presented sufficient proof of any of the elements of wire fraud or of venue for this charge in Massachusetts, this Court should grant a judgment of acquittal on Counts 8 and 9. Additionally, Harris reasserts the argument, contained in his Motion to Dismiss, that this prosecution is void for vagueness and violates his Constitutional right to Due Process.

IV.   CONCLUSION

For the foregoing reasons, this Court should grant a judgment of acquittal as to all counts.

RYAN HARRIS
By his attorney,

/s/ Charles P. McGinty

Charles P. McGinty
B.B.O. #333480
Federal Defender Office
51 Sleeper Street
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 28, 2012.

/s/ Charles P. McGinty

Charles P. McGinty