1

1              UNITED STATES DISTRICT COURT

2                DISTRICT OF MASSACHUSETTS

3                         No. 1:09-cr-10243-MLW

4

5    UNITED STATES OF AMERICA

6

7    vs.

8

9    RYAN HARRIS

10

11                    * * * * * * * * *

12

13                    For Trial Before:
                   Chief Judge Mark L. Wolf

14

15        *Excerpt Transcript*:   Jury Charge

16

17                United States District Court
                 District of Massachusetts (Boston.)
                 One Courthouse Way
18               Boston, Massachusetts 02210
                 February 29, 2012

19

20                    * * * * * * * *

21

22            REPORTER: RICHARD H. ROMANOW, RPR
                 Official Court Reporter
                 United States District Court
23        One Courthouse Way, Room 5200, Boston, MA 02210
                 bulldog@richromanow.com

24

25

2

1                           A P P E A R A N C E S

2

3    ADAM J. BOOKBINDER, ESQ.
         United States Attorney's Office
4        John Joseph Moakley Federal Courthouse
         One Courthouse Way, Suite 9200
5        Boston, Massachusetts 02210
         (617) 748-3112
6        E-mail: Adam.bookbinder@usdoj.gov
     and
7    MONA SEDKY, ESQ.
         U.S. Department of Justice
8        601 D. Street, N.W.
         Washington, D.C. 20530
9        (202) 353-4304
         Email: Mona.sedky@usdoj.gov
10       For the United States of America

11

12   CHARLES P. McGINTY, ESQ.
         Federal Public Defender Office
13       District of Massachusetts
         51 Sleeper Street, 5th Floor
14       Boston, Massachusetts 02210
         (617) 223-8080
15       E-mail: Charles_mcginty@fd.org
         For the defendant

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2                (*Excerpt Begins*)

3              THE COURT:  All right.  Ladies and gentlemen,

4     now I am going to give you your instructions.  As I

5     said, I'm going to give them to you in three parts.  The

6     first part would be instructions that would apply in any

7     criminal case like this one.  The second part will be

8     specific to the wire fraud charges that you'll need to

9     decide.  And the third part will relate to the process

10    of your deliberations.

11             With regard to the first part, the instructions

12    that would apply in any criminal case.  While the law

13    permits me to comment on the evidence, I choose not to

14    do that.  As I told you at the beginning of the case,

15    you should not interpret, or to be more precise,

16    misinterpret anything that I've said and done in the

17    course of the case or anything that I say to you now as

18    an indication of what I think your verdict should be.

19    That's entirely up to you.

20             You must decide whether the government has

21    proven the defendant guilty beyond a reasonable doubt on

22    each particular charge.  You'll make that decision based

23    on the evidence and the law as I instruct you.  You have

24    to know the law, and it's my duty to teach you the law.

25             I've discussed what I was going to instruct as

1    my thoughts have evolved with the lawyers in the course

2    of the case, but if anything they've said about the law

3    sounds different to you than what I'm saying now, you

4    have to follow the law as I'm describing it now.  And

5    similarly, if anything I've said to you in my brief

6    preliminary instructions at the beginning of the case

7    sounds different to you than what I'm telling you about

8    the law now, you must follow the law as I'm describing

9    it to you today.

10           I've worked to try to develop an accurate,

11   complete and balanced description of the law.  You

12   should not single out any one instruction or sentence,

13   but consider each of the things I say to you in the

14   context of the others.

15           You are required, by the oath that you've

16   taken, to follow law whether you understand the reasons

17   for it or agree with it.  As I said, you took an oath.

18   If the government doesn't prove every essential element

19   beyond a reasonable doubt, you must find the defendant

20   not guilty on a particular charge.  If you find the

21   government has proven every element of a charge beyond a

22   reasonable doubt, you must find the defendant guilty on

23   that charge.  And I'm going to explain the elements of

24   wire fraud to you.

25           You are required to decide whether the

1   defendant has been proven guilty beyond a reasonable

2   doubt.  You should understand, however, and remember

3   that if the defendant is convicted, if he's found

4   guilty, the issue of punishment is solely for the Court,

5   for the judge.  It would be improper for you, the jury,

6   to consider or be influenced by what the possible

7   punishment might be.

8          You've heard me say repeatedly that you must

9   decide the case based on the law and the evidence and

10  that means, among other things, that you must disregard

11  any possible bias or prejudice or sympathy that you may

12  have.  Both the defendant and the public expect that you

13  will carefully and impartially consider all the evidence

14  in this case, follow the law as I describe it, and reach

15  a just verdict regardless of consequences.

16         As I've told you before, there are certain

17  fundamental principles that apply in every criminal case

18  like this one.  First among them is that the defendant,

19  Mr. Harris, is presumed innocent.  You'll have the

20  indictment in the jury room.  You must remember that

21  that indictment is only an accusation, it's a way of

22  informing the defendant of the charges against him and

23  bringing him to court for this trial.  It is not itself

24  evidence or any proof that he's guilty of any charge.

25  In order for you to find the defendant guilty of a

1   charge, the government must prove his guilt on that

2   charge beyond a reasonable doubt.

3         The defendant has no obligation to prove his

4   innocence, he has no obligation to present testimony, he

5   has no obligation to testify himself.  Where as here the

6   defendant has chosen not to testify, you may not

7   consider that as an indication that he is guilty.  You

8   should not discuss or consider that at all.

9         Now I've said repeatedly that the burden is on

10  the government to prove beyond a reasonable doubt that

11  the defendant is guilty of the charge raised against

12  him.  I'm now going to tell you what reasonable doubt

13  means.

14        The burden of proof has nothing to do with who

15  called the witness or offered documents into evidence,

16  It has to do with the quality of the evidence.  Proof

17  beyond a reasonable doubt is a strict and heavy burden,

18  but it does not mean that a defendant's guilt must be

19  proved beyond all possible doubt.  It does require that

20  the evidence exclude any reasonable doubt concerning the

21  defendant's guilt.

22       A reasonable doubt may arise not only from the

23  evidence produced, but also from the lack of evidence

24  produced by the government.  Reasonable doubt exists

25  when after weighing and considering all the evidence,

using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course a defendant is never to be convicted on suspicion or guesswork.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions, one that the defendant is guilty as charged and the other that the defendant is not guilty, you will find the defendant not guilty.  It is not sufficient for the government to establish a probability, though a strong one, that an element of the offense charged or a fact necessary to prove an offense charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty and in criminal cases the law does not require proof that overcomes every possible doubt.

So concluding my instructions on the burden then, I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and therefore satisfies you that you can, consistent with your oath as jurors, base your verdict upon it.  If you find a

1    particular charge against the defendant has been proven

2    beyond a reasonable doubt, you will return a verdict of

3    guilty on that charge.  If on the other hand you think

4    there is a reasonable doubt about whether a defendant is

5    guilty of a particular offense, you must give the

6    defendant the benefit of the doubt and find the

7    defendant not guilty of the offense.

8            Now I have said that you have to decide the

9    facts based on the evidence.  The evidence has come to

10   you in three forms.  As I predicted, in the form of

11   testimony, in the form of exhibits that have been

12   admitted into evidence and which you'll have in the jury

13   room, and in the form of stipulated facts, facts that

14   the parties agree are true and you may accept as true.

15   As the jury you're the judges of the facts, you decide

16   if the facts are proven, you decide what inferences to

17   draw from those facts, you decide the credibility of the

18   evidence that's been presented.

19           With regard to all of the evidence, you can

20   accept -- with regard to each piece of evidence, you can

21   -- or each witness's testimony, you can accept all of

22   it, you can disbelieve it and reject all of it, or you

23   can believe part of it and disbelieve another part of

24   it.  And once you decide what's true, you decide what

25   weight to give to that evidence.

1          In considering the evidence, you may draw

2     reasonable inferences from the facts proven.  I told you

3     before that you need to put aside any possible bias,

4     sympathy or prejudice you may have, but you're not to

5     put aside your common sense.  You're expected to bring

6     together your common sense and serve somewhat as the

7     common sense of the community in this case.

8          Facts can be proven by both direct and

9     circumstantial evidence.  Direct evidence is the

10    testimony of someone who asserts actual knowledge of the

11    facts, someone who says "I was there, this is what I saw

12    and this is what I heard."  Circumstantial evidence is

13    proof of events or circumstances on the basis of which

14    you, based on your common experience, may infer the

15    existence or nonexistence of a fact.

16         And looking out the window I think it's timely

17    to remind you of the example I gave you at the beginning

18    of the case to explain what circumstantial evidence is,

19    and I'll elaborate it a bit.  Because remember I told

20    you that while circumstantial evidence may sound like

21    some complicated legal concept, it's really something

22    you do, reasoning by circumstantial evidence, every day.

23         So if you were to go to sleep tonight and the

24    ground were green in front of your home and you woke up

25    tomorrow morning and there was 6 inches of snow there,

1    you would infer that during the night while you were

2    sleeping it snowed, although you didn't see it and

3    nobody told you that.  And if you looked out into the

4    snow and saw there were footsteps leading to your front

5    door, you would infer that during the night, while you

6    were sleeping, after it snowed, somebody walked to your

7    front door.  And if the newspaper was at the end of the

8    footsteps, you would infer that during the night, while

9    you were sleeping, after it snowed, somebody delivered

10   the newspaper.  That's reasoning from circumstantial

11   evidence.

12          Direct and circumstantial evidence have equal

13   standing in the law, you decide what weight to give to

14   each.  No greater certainty is required of

15   circumstantial evidence than of direct evidence.  You

16   should consider all of the evidence and give each item

17   the weight you think it deserves.

18          Certain things are not evidence.  Anything you

19   saw or heard outside the railing there in this courtroom

20   is not evidence and you should disregard it.  If an

21   answer was given to a question and I later said that it

22   was inadmissible and directed you to disregard it, you

23   should disregard the answer.  If I allowed any evidence

24   in for only a limited purpose, you should use it only

25   for that limited purpose.

1          As I've told you several times, anything the

2    lawyers say is not evidence.  Their opening statements,

3    their questions, their closing arguments is not evidence

4    -- are not evidence.  And if in these closings that we

5    just heard the lawyer's memory of the evidence differs

6    from yours, individually and collectively, then you

7    should rely on your memory of the evidence rather than

8    what the lawyers said.

9          In the course of the case, as in every trial

10   there have been some objections, but actually not that

11   many while you've been sitting there, and it's proper,

12   as I told you, for a party to object.  It provides me an

13   opportunity to decide whether the information at issue

14   is sufficient, relevant -- sufficiently relevant and

15   reliable to come to your attention under the rules of

16   evidence.

17         You shouldn't draw any inferences or

18   conclusions from the objections or my rulings.  If I

19   sustain the objection, you should -- if I sustain the

20   objection, you should disregard any answer that might

21   have been given.  If I overrule the objection, you

22   should treat the answer like any other answer.  And as I

23   said, if I gave any limiting instruction, you should use

24   the testimony only for that limited purpose.

25         I told you in my preliminary instructions that

1    when we got to this point, since you're going to have to

2    judge the credibility, the believability of some

3    evidence of the witnesses, I would give you sort of a

4    common-sense checklist of things that you might want to

5    think about in judging credibility or believability.

6              You should treat the testimony of a law

7    enforcement officer like the testimony of anybody else

8    and not assume that he's more likely or less likely to

9    be telling the truth because he's employed in law

10   enforcement.

11             With regard to all the witnesses, you may want

12   to ask yourself did he or she seem honest?  Is what the

13   witness said reasonable?  Did it make sense?  Did the

14   witness have a reason not to tell the truth?  Did the

15   witness have a personal interest in the outcome of the

16   case?  Did the witness have a relationship to either

17   side of the case?  Did the witness have a reason to be

18   prejudiced against or hostile to any party?  Will the

19   witness be affected by the verdict?  Did the witness

20   seem to have a good memory?  Did the witness have a good

21   opportunity to observe what he or she testified to?  Did

22   the witness answer the questions directly or not?  Did

23   the witness's testimony differ from the testimony of

24   other witnesses?  Was that testimony supported or

25   contradicted by other evidence in the case?

1          Inconsistencies between two witnesses, or

2    several witnesses, and inconsistencies in two statements

3    by the same witness may or may not bear on credibility.

4    Sometimes they're just innocent differences in

5    perception and memory.  It's also possible that

6    somebody's contriving or making up their testimony.  So

7    in judging any inconsistencies you may want to consider

8    whether the witness had a motive to lie, did the

9    inconsistency concern an important matter or an

10   unimportant detail, did it seem to be an innocent error

11   or an intentional lie?

12          You heard some testimony that witnesses made

13   statements before trial.  You can consider those

14   statements made before trial in deciding whether to

15   believe the trial testimony you heard from any witness.

16   You can decide if the prior statement was inconsistent

17   with the trial testimony, and if so, decide whether it

18   affects the believability of the testimony you heard at

19   trial.  If the prior statement was under oath, you may

20   consider it for the truth of the matter discussed

21   previously under oath and for the credibility of the

22   trial testimony and any evidence you heard or statements

23   that the defendant made before the trial you may

24   consider for the truth of what you find was said.

25          Now, you heard the testimony of some witnesses

1    who were given immunity by court order or by an

2    agreement with the government.  Those agreements in the

3    court order provide that no testimony given by the

4    witness will be used against him or her, directly or

5    indirectly, except in a prosecution for perjury or if he

6    or she testifies falsely.

7          You're instructed that the government's

8    entitled to present the testimony of an immunized

9    witness.  Some people who are given immunity are

10    entirely truthful when testifying.  However, the

11    testimony of such a witness should be examined by you

12    with greater care than the testimony of an ordinary

13    witness.  You should scrutinize it closely because such

14    a witness may have a motive to falsify by making up

15    stories or exaggerating what others did because he or

16    she wants to avoid getting prosecuted.  As with all the

17    evidence, in deciding whether some or all of the

18    testimony of a witness with immunity was truthful, you

19    should consider, among other things, whether it was

20    contradicted or corroborated, supported, by other

21    evidence in the case.  As I said, you should scrutinize

22    the testimony of an immunized witness with great care

23    and rely on it with caution.  If after doing so you find

24    some or all of his testimony to be true, you should give

25    it such weight as you believe it deserves.

1          You also heard some testimony that some of the

2     witnesses met before or during the trial with the

3     government lawyers.  It's permissible for the

4     government, and indeed any lawyer, to discuss testimony

5     with a prospective witness.  However, you can consider

6     those meetings in evaluating the testimony you heard and

7     deciding whether the witness was biased or influenced by

8     discussions with the lawyers.

9          You also heard testimony from some witnesses

10    who were allowed to give opinions and explain things not

11    specific to this case, relevant, but not specific to

12    this case, but based on a particular experience or

13    expertise that they have.  And they were allowed to give

14    that evidence to help you, the jury, but not to replace

15    your judgment.  So with regard to the people who

16    testified as experts, you should consider their training

17    and experience, you should consider the reasons for the

18    opinions or explanations they gave you and the facts on

19    which the witness relied.  If any of the facts on which

20    the witness relied are not proven, you should disregard

21    any opinion to the extent it's based on unproven facts.

22    And with experts, like any witness, you can accept or

23    reject opinions in whole or in part.

24          So that completes the first part of my

25    instructions, those that apply in a criminal case.  Now

1    I'm going to give you the instructions that apply to the

2    particular charges in this case.

3         There are now eight charges of wire fraud for

4    you to decide.  You're not being asked to decide whether

5    the government has proven Count 1, the conspiracy charge

6    that was read to you at the beginning of the trial and

7    that charge has been removed from the indictment with a

8    superseding indictment that you'll have in the jury

9    room.  Now it's shorter.

10        As I've told you, the indictment is only an

11   accusation, it's not evidence or proof that a defendant

12   is guilty of any or all of the wire charges.  The

13   defendant has pled not guilty, therefore the government

14   must prove he's guilty beyond a reasonable doubt to

15   achieve his conviction on a particular charge.

16        Each count alleges a separate crime and you

17   should decide and consider each count separately and

18   return a separate verdict for each.  Unless I gave you a

19   limiting instruction in the course of the trial, you may

20   consider all of the evidence in deciding each count.

21   And if I did give you a limiting instruction, you have

22   to follow it.  As to each separate charge you must

23   determine whether the government has proven the

24   defendant guilty beyond a reasonable doubt.

25        Evidence provided by or concerning other people

1    may be considered by you.  However, the fact that

2    another person pled guilty to committing some other

3    crime himself is not evidence or proof that Mr. Harris

4    is guilty of any of the wire fraud charges in this

5    case.  Your verdict should be based solely on the

6    evidence or lack of evidence concerning Mr. Harris, and

7    in accordance with my instructions, and without regard

8    to the guilty pleas of others.  So that means you can

9    consider the testimony of others, but the fact, as I

10   said, that some of the witnesses pled guilty to

11   something, is not itself, the guilty pleas themselves

12   are not evidence that Mr. Harris is guilty of the

13   charges in this case.

14          Depending on your view of the evidence, you may

15   find Mr. Harris not guilty on all eight charges, you may

16   find him guilty on some of the charges and not on other

17   charges, or you may find him guilty on all of the

18   charges.  That depends on your view of the evidence.

19          You'll see the indictment charges that certain

20   alleged crimes were committed on or about certain

21   dates.  Although it's not necessary for the government

22   to prove beyond a reasonable doubt that the crimes were

23   committed on a particular day, it does have to prove

24   that the crime was committed at a time reasonably near

25   the dates alleged in the indictment.

1            Now, as I've said, each of the remaining counts

2     charges Mr. Harris with committing wire fraud.  And so

3     the charging language begins in Paragraph 2, which is on

4     the first page of the indictment you'll have in the jury

5     room, and it says:  "On or about the dates set forth

6     below, in the District of Massachusetts and elsewhere,

7     Ryan Harris, having knowingly devised a scheme to

8     defraud and to obtain money and property by means of

9     false" -- I'm sorry, "by means of material false and

10    fraudulent pretenses, representations and promises,

11    transmitted and caused to be transmitted in interstate

12    commerce wire communications, including writings,

13    signals and sounds, for the purpose of executing the

14    scheme to defraud and aided and abetted others in doing

15    so as set forth below."

16            So then Count 1 charges that in approximately

17    2005, Nathan Harris accessed the Internet from

18    Massachusetts and downloaded Harris's Sigma cable modem

19    hacking product.  Essentially it's alleged that was in

20    furtherance of the alleged scheme to defraud.

21            Count 2 charges that in about 2007 Hanshaw --

22    another wire fraud was committed for which Mr. Harris is

23    allegedly responsible because Hanshaw, it's charged,

24    accessed the Internet from Massachusetts and downloaded

25    Harris's Sigma X cable modem hacking product.

1          Count 3 charges that on or about January 15th,

2    2007, in furtherance of the scheme Hanshaw accessed the

3    Internet from Massachusetts using Harris's products and

4    a cloned MAC address and participated in an on-line chat

5    discussing his hacking activities.

6          Count 4 charges that on December 5, 2007, or

7    about December 5th, 2007, Hanshaw accessed the Internet

8    from Massachusetts using Harris's products and cloned a

9    MAC address and participated in an on-line chat

10   discussing his hacking activities.

11         Count 5 charges that on or about June of 2008,

12   Mr. Larosa, Jose Larosa, accessed Harris's TCNISO

13   website from Massachusetts and bought a modified cable

14   modem and ancillary products in furtherance of the

15   scheme.

16         Count 6 charges that on or about July of 2008,

17   Larosa accessed the Internet from Massachusetts using

18   Harris's products and a cloned MAC address and obtained

19   free Internet access.

20         Count 7 charges that William Madeira accessed,

21   on about June of 2009, Harris's TCNISO website from

22   Massachusetts and bought a modified cable modem and

23   ancillary products.

24         And Count 8 charges that in furtherance of the

25   scheme, about July of 2009, Madeira accessed the

1    Internet from Massachusetts using Harris's products and

2    a cloned MAC address and obtained free Internet access.

3         For present purposes you don't have to try to

4    memorize all of that.  You're going to have it in the

5    jury room with you.

6         So all of the charges are charges of wire

7    fraud.  Now I'm going to tell you what the government

8    has to prove, beyond a reasonable doubt, to prove a wire

9    fraud charge.

10        To prove -- and I'm going to read this to you

11   and part of the reason I'm going to read it to you is

12   you may come back and ask me to tell you again and it's

13   important that I be able to tell you the same thing, if

14   you do that, so.  It's not all that long.  But anyway.

15        To prove that the defendant committed a wire

16   fraud charge in this case the government must prove the

17   following things beyond a reasonable doubt.  First,

18   there was a scheme substantially as charged in the

19   indictment to defraud or obtain something of value from

20   internet service providers by means of false or

21   fraudulent pretenses.  Second, that the defendant

22   knowingly and willfully participated in the scheme with

23   an intent to defraud.  And third, on or about the dates

24   alleged, the defendant transmitted or caused to be

25   transmitted an interstate wire communication for the

1   purpose of furthering the scheme.

2          If the government fails to prove any of these

3   elements beyond a reasonable doubt, you must find the

4   defendant not guilty on the count you are considering.

5   If the government proves all of these elements beyond a

6   reasonable doubt with regard to a particular count, you

7   must find the defendant guilty of that charge.

8          As I said, the first thing that the government

9   must prove beyond a reasonable doubt is that the

10  defendant participated in a scheme to defraud that

11  involved material false or fraudulent pretenses.  A

12  scheme is a plan or a course of conduct.  The term

13  "defraud" means to deprive somebody of something of

14  value by means of deception or cheating.  A scheme to

15  defraud ordinarily includes a desire to bring about some

16  gain or benefit for oneself or some other person or a

17  desire to cause some loss to somebody else.  The term

18  "false or fraudulent pretenses" means any intentional

19  material false representation or omission, including

20  material direct false representations and the deliberate

21  concealment of material facts.  A fact is material if it

22  has a natural tendency to influence or is capable of

23  influencing whoever or whatever is making a particular

24  decision.

25          In essence, in this case the government must,

1    among other things, prove beyond a reasonable doubt the

2    existence of a scheme to deprive internet service

3    providers of payment for internet service based on

4    intentional material false representations or omissions

5    relating to a particular device concerning whether that

6    device was authorized to receive such service.  While

7    the government must prove that the scheme alleged in the

8    indictment existed, it does not have to prove that it

9    succeeded.

10           The next thing that the government must prove

11   beyond a reasonable doubt is that the defendant

12   participated in the alleged scheme knowingly and

13   willfully and with intent to defraud.  The government

14   does not have to prove that the defendant originated the

15   alleged scheme, it only has to prove that he

16   participated in it with the required knowledge and

17   intent to defraud.  To act knowingly means to act

18   intentionally and not by accident or mistake.  To act

19   willfully means to intentionally do something known to

20   be unlawful.  An intent to defraud means to act

21   knowingly and with specific intent to deceive and for

22   the purpose of causing some financial loss or to obtain

23   money for the defendant or someone else or for both of

24   these purposes.

25           It would not be enough to prove wire fraud for

1    the government to prove only that Harris sold one or

2    more products that he knew would be used to commit a

3    crime.  However, the nature of any product sold and any

4    knowledge that Harris had as to how it would be used are

5    evidence that you can consider, along with all the other

6    evidence, in deciding whether the government has proven

7    any or all of the wire fraud charges in this case.

8             Now, it may be hard to get into somebody's

9    head, so intent or knowledge need not be proven by

10   direct evidence.  Rather circumstantial evidence, as

11   well as direct evidence, may be important in determining

12   the defendant's state of mind.  In determining what the

13   defendant knew or intended at a particular time you may

14   consider any statements made or anything done or not

15   done by the defendant and all the other facts and

16   circumstances proven by the evidence.

17            You may infer, but you certainly are not

18   required to infer, that a person intends the natural and

19   probable consequences of acts knowingly done or

20   deliberately not done.  It's entirely up to you,

21   however, to decide what facts were proven by the direct

22   and circumstantial evidence.

23            The last thing that the government must prove

24   beyond a reasonable doubt is that on or about the date

25   alleged in the indictment, for the count you are

 1    considering, the defendant transmitted or caused to be

 2    transmitted an interstate wire communication in

 3    furtherance of the alleged scheme.  The use of the

 4    internet to send a message, such as an e-mail or a

 5    communication to a website, may be a wire

 6    communication.

 7          An interstate wire communication is a wire

 8    communication from one state to another.  The wire

 9    communication does not have to be essential to the

10    scheme or itself be fraudulent.  However, it must be

11    made as part of an attempt to execute the scheme or

12    accomplish one of its goals.  To prove that the

13    defendant caused a particular interstate wire

14    communication to occur, the government does not have to

15    prove that he sent the wire communication himself.  It

16    would be sufficient if the government proved beyond a

17    reasonable doubt that he knew that the use of interstate

18    wires would follow in the course of the scheme or that

19    it was reasonably foreseeable that the interstate wires

20    would be used as a result of his actions.  It is the use

21    of the interstate wires generally rather than the

22    specific wire transmission that is charged that must be

23    proved to have been reasonably foreseeable as a result

24    of the scheme.

25          Therefore, if it is proven that Harris

1   participated in the alleged scheme and did something

2   relating to it which he knew or should have reasonably

3   foreseen would result in interstate wire transmissions

4   being used in an effort to execute the scheme or

5   accomplish one of its goals, you may find the use of the

6   interstate wire communication element to be proved.

7          As I said earlier, if you find that the

8   government has proven beyond a reasonable doubt every

9   essential element of wire fraud concerning the

10  particular count you're considering, you shall find the

11  defendant guilty on that count.  If the government has

12  failed to meet that burden, you shall find the defendant

13  not guilty on that count.  As I also said earlier,

14  depending on your view of the evidence, you may find the

15  defendant not guilty on all counts, guilty on some but

16  not all counts, or guilty on all counts.

17         Now I'm going to move to the third part of

18  these instructions which relate to your deliberations.

19         When we finish -- when I finish these

20  instructions, relatively soon, you'll go back to the

21  jury room, and I hope they'll be enough time for this,

22  but the first thing you should do is choose a

23  foreperson, somebody to moderate your discussions and

24  communicate with me on your behalf.

25         Then, either today or tomorrow, we're going to

1    be guided by your preferences from now on, you should

2    engage in rational discussion by all jurors for the

3    purpose of reaching a unanimous verdict.  Every juror

4    should decide the case for himself or herself in the

5    context of the evidence and the law giving proper

6    consideration to the views of your fellow jurors.  You

7    should reconsider your initial views and change them if

8    you're persuaded that they're not right, but you

9    shouldn't abandon your views solely for the sake of

10   reaching a unanimous verdict.

11        You should discuss the case only when you're

12   all together so everybody gets the benefit of everybody

13   else's view.  And your verdict must be unanimous on each

14   count.  You're going to have a very simple verdict form

15   that says:  "We the jury find the defendant, Ryan

16   Harris, blank on Count 1, blank on Count 2."  And when

17   all twelve of you agree, the foreperson will write what

18   you agree, guilty or not guilty on Count 1, for each of

19   the eight Counts.

20        If you need to communicate with me, the

21   foreperson should write a question or a communication

22   and sign it, but at no time, until you have a unanimous

23   verdict, should you send me any note that indicates what

24   you've already decided or how you're divided on

25   anything.  We're not entitled to know that until you've

1    reached unanimous verdicts on all counts.

2           All right.  May I see counsel at sidebar,

3    please.

4           (*Excerpt Ends*)

5

6                   C E R T I F I C A T E

7

8           I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

9    do hereby certify that the forgoing transcript of the

10   record, of the aforementioned *excerpt*, is a true and

11   accurate transcription of my stenographic notes before

12   Chief Judge Mark L. Wolf, on February 29, 2012, to the

13   best of my skill and ability.

14

15

16   /s/ Richard H. Romanow 03-06-12
     _____
17   RICHARD H. ROMANOW  Date

18

19

20

21

22

23

24

25