1

1          UNITED STATES DISTRICT COURT

2            DISTRICT OF MASSACHUSETTS

3                     No. 1:09-cr-10243-MLW

4

5   UNITED STATES OF AMERICA

6

7   vs.

8

9   RYAN HARRIS

10

11                  * * * * * * * * *

12

13               For Trial Before:
              Chief Judge Mark L. Wolf

14

15      *Excerpt Transcript*:  Recharge of Jury

16

17               United States District Court
              District of Massachusetts (Boston.)
              One Courthouse Way

18            Boston, Massachusetts 02210
              March 1, 2012

19

20                  * * * * * * * *

21

22          REPORTER: RICHARD H. ROMANOW, RPR
              Official Court Reporter
              United States District Court

23   One Courthouse Way, Room 5200, Boston, MA 02210
              bulldog@richromanow.com

24

25

2

1                    A P P E A R A N C E S

2

3    ADAM J. BOOKBINDER, ESQ.
         United States Attorney's Office
4        John Joseph Moakley Federal Courthouse
         One Courthouse Way, Suite 9200
5        Boston, Massachusetts 02210
         (617) 748-3112
6        E-mail: Adam.bookbinder@usdoj.gov
     and
7    MONA SEDKY, ESQ.
         U.S. Department of Justice
8        601 D. Street, N.W.
         Washington, D.C. 20530
9        (202) 353-4304
         Email: Mona.sedky@usdoj.gov
10       For the United States of America

11

12   CHARLES P. McGINTY, ESQ.
         Federal Public Defender Office
13       District of Massachusetts
         51 Sleeper Street, 5th Floor
14       Boston, Massachusetts 02210
         (617) 223-8080
15       E-mail: Charles_mcginty@fd.org
         For the defendant

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2           (*Excerpt Begins*)

3           THE COURT:  As I told you yesterday, there are

4    now eight charges of wire fraud for you to decide.

5    You're not being asked whether the government has proven

6    the original earlier Count 1, the conspiracy charge that

7    was read to you at the beginning of the trial, that

8    charge has been removed from the copy of the indictment

9    you have in the jury room and the charges have been

10   renumbered.  So all of the charges now are wire fraud.

11   Okay?  And don't read the indictment.  We'll get to it.

12   We'll read it together.

13           Do you remember I told you yesterday that the

14   indictment is merely an accusation, it's not evidence or

15   proof that the defendant is guilty of any or all of the

16   wire frauds charged.  Therefore, the government must

17   prove he's guilty beyond a reasonable doubt to achieve

18   his conviction on any charge.  Each count alleges a

19   separate crime.  You should consider each count

20   separately and return a separate verdict for each

21   count.

22           Unless I gave you a limiting instruction in the

23   course of the case, you may consider all of the evidence

24   in deciding each count, and if I gave you a limiting

25   instruction, you have to use the information only for

1     the limited purpose I directed.  As to each separate

2     count, you must determine whether the government has

3     proved the defendant guilty beyond a reasonable doubt.

4          Evidence provided by or concerning other people

5     may be considered by you.  However, the fact that

6     another person pled guilty to committing some other

7     crime is not itself evidence or proof that Harris is

8     guilty of any of the wire charges in this case.  Your

9     verdict should be based solely upon the evidence or lack

10    of evidence concerning Mr. Harris, in accordance with my

11    instructions, and without regard to the guilty pleas of

12    others.  Depending on your view of the evidence, you

13    could find Mr. Harris not guilty on all counts, guilty

14    on some counts and not guilty on other counts, or guilty

15    on all the counts.  That's up to you.

16         You'll see that the indictment charges that

17    certain crimes were committed on or about a particular

18    date.  It is not necessary for the government to prove

19    beyond a reasonable doubt that the crimes were committed

20    on a particular date.  The government does have to prove

21    that the crimes were committed on a date reasonably near

22    the dates alleged in the indictment.  But the government

23    doesn't have to prove the precise date.

24         Then, as I said, all of the remaining charges,

25    all of the remaining counts charge Mr. Harris with

1   committing wire fraud.  And the charging language -- now

2   you can look at it, is in Paragraph 1.  It says:  "On or

3   about the dates set forth below, in the District of

4   Massachusetts and elsewhere, Ryan Harris, having

5   knowingly devised a scheme to defraud and to obtain

6   money and property by means of material false and

7   fraudulent pretenses, representations and promises,

8   transmitted and caused to be transmitted in interstate

9   commerce wire communications, including writings,

10  signals and sound, for the purpose of executing the

11  scheme to defraud and aided and abetted others in doing

12  so as set forth below."

13         And actually I'm not instructing you on aiding

14  and abetting.  You're going to have to decide whether

15  Mr. Harris alone -- well, whether Mr. Harris committed

16  all of the -- well, not alone, but Mr. Harris committed

17  all of the elements of wire fraud as I'm going to

18  describe them to you.

19         And then each count alleges that a particular

20  wire was sent or caused to be sent by Mr. Harris in

21  furtherance of the alleged scheme.  So Count 1 charges:

22  "In about 2005, NH," Nathan Hanshaw, "accessed the

23  internet from Massachusetts and downloaded Harris's

24  Sigma cable modem hacking product" in furtherance of the

25  alleged scheme in which it's charged Mr. Harris

1　participated in.

2　　　　Count 2 charges that in or about 2007 Hanshaw

3　accessed the internet from Massachusetts and downloaded

4　Harris's Sigma X cable modem hacking product for the

5　purpose of executing a scheme to defraud.

6　　　　And then it goes right down the line.  If you

7　want, I'll read them all now, or perhaps it's not

8　necessary.  But I can read them all to you.

9　　　　Count 3 charges that on or about January 15,

10　2007, in furtherance of the scheme, Hanshaw accessed the

11　internet from Massachusetts using Harris's products and

12　a cloned MAC address and participated in an on-line chat

13　discussing his hacking activities.

14　　　　Count 4 charges that on or about December 5,

15　2007 Hanshaw accessed the internet from Massachusetts

16　using Harris's products and a cloned MAC address and

17　participated in an on-line chat discussing his hacking

18　activities.

19　　　　Count 5 charges that on about June of 2008, in

20　furtherance of the scheme to defraud, Jose Larosa

21　accessed Harris's TCNISO website from Massachusetts and

22　bought a cable modem and ancillary products.

23　　　　Count 6 charges that Larosa accessed the

24　Internet from Massachusetts using Harris's products and

25　a cloned MAC address and obtained free Internet access

1   on about July of 2008.

2          Count 7 charges that William Madeiros, on about

3   June -- or in about June of 2009 accessed Harris's

4   TCNISO website for Massachusetts and bought a modified

5   cable modem and ancillary products.

6          And Count 8 charges that Madeira accessed the

7   internet from Massachusetts on about July of 2009, in

8   furtherance of the scheme, using Harris's products and a

9   cloned MAC address and obtained free internet service.

10         So those are the charges.  Now I'm going to

11  tell you again what the government has to prove beyond a

12  reasonable doubt to prove wire fraud, each charge of

13  wire fraud.

14         The government has to prove the following

15  things beyond a reasonable doubt.  First, that there was

16  a scheme substantially as charged in the indictment to

17  defraud or obtain something of value from an internet

18  service provider or internet service providers by means

19  of false or fraudulent pretext.  Second, that the

20  defendant knowingly and willfully participated in the

21  scheme with an intent to defraud.  Third, on or about

22  the dates alleged, the defendant transmitted or caused

23  to be transmitted an interstate wire communication for

24  the purpose of furthering the scheme.

25         If the government fails to prove any of these

1   elements beyond a reasonable doubt, you must find the

2   defendant not guilty on the counts you are considering.

3   If the government proves all of these elements beyond a

4   reasonable doubt, with regard to a particular count, you

5   must find him guilty of that charge.

6          The first thing that the government must prove

7   beyond a reasonable doubt is that the defendant

8   participated in a scheme to defraud that involved

9   material false or fraudulent pretenses.  A scheme is a

10  plan or a course of conduct.  The term "to defraud"

11  means to deceive someone of something of value by means

12  of deception or cheating.  A scheme to defraud

13  ordinarily includes a desire to bring about some gain or

14  benefit for oneself, or some other person, or desire to

15  cause loss to someone else.  The term "false or

16  fraudulent pretenses" means any intentional material

17  false representation or omission including material

18  direct false representations and the deliberate

19  concealment of material facts.  A fact is material if it

20  has a natural tendency to influence or is capable of

21  influencing whoever or whatever is making a particular

22  decision.

23          In essence, in this case the government must,

24  among other things, prove beyond a reasonable doubt the

25  existence of a scheme to deprive internet service

providers of payment for internet service based on

intentional material false representations or omissions

relating to a particular device concerning whether that

device was authorized to receive such internet service.

While the government must prove that the scheme alleged

in the indictment existed, it does not have to prove

that it succeeded.

The next thing the government must prove beyond

a reasonable doubt is that the defendant participated in

the alleged scheme knowingly and willfully and with the

intent to defraud.  The government does not have to

prove that the defendant originated the alleged scheme,

it only has to prove that he participated in it with the

required knowledge and intent to defraud.  To act

knowingly means to act intentionally, not by accident or

mistake.  To act willfully means to intentionally do

something known to be unlawful.  An intent to defraud

means to act knowingly and with specific intent to

deceive for the purpose of causing some financial loss

or to obtain money for the defendant or someone else or

for both of these purposes.

It would not be enough to prove wire fraud for

the government to prove only that Harris sold one or

more products that he knew would be used to commit a

crime.  However, the nature of the products sold and any

1    knowledge Harris has as to how it would be used are

2    evidence that you could consider, along with all the

3    other evidence, in deciding whether the government has

4    proven any or all of the wire fraud charges in this

5    case.

6         Intent or knowledge need not be proven by

7    direct evidence, therefore circumstantial evidence as

8    well as direct evidence may be important to determining

9    the defendant's state of mind.  In determining what the

10   defendant knew or intended at a particular time you may

11   consider any statements made or anything done or not

12   done by the defendant and all other facts and

13   circumstances proven by the evidence.  You may infer,

14   but you are certainly not required to infer, that a

15   person intends the natural and probable consequences of

16   acts knowingly done or deliberately not done.  It's

17   entirely up to you, however, to decide what facts are

18   proven by the direct and circumstantial evidence.

19        The last thing that the government must prove

20   beyond a reasonable doubt is that on or about the date

21   alleged in the indictment, for the count that you are

22   considering, the defendant transmitted or caused to be

23   transmitted an interstate wire communication in

24   furtherance of the alleged scheme.  The use of the

25   internet to send a message, such as an e-mail or a

1    communication to a website, may be a wire

2    communication.  An interstate wire communication is a

3    wire communication from one state to another.  The wire

4    communication does not have to be essential to the

5    scheme or be itself fraudulent, however it must be made

6    as part of an attempt to execute the scheme or

7    accomplish one of its goals.

8         To prove that the defendant caused a particular

9    interstate wire communication to occur, the government

10   does not have to prove that he sent the wire

11   communication himself.  It would be sufficient if the

12   government proves beyond a reasonable doubt that he knew

13   that the use of interstate wires would follow in the

14   course of the scheme or that it was reasonably

15   foreseeable that the interstate wires would be used as a

16   result of his actions.  It is the use of interstate

17   wires generally rather than the specific wire

18   transmission that is charged that must be proved to have

19   been reasonably foreseeable as a result of the scheme.

20        Therefore, if it is proven that Harris

21   participated in the alleged scheme or did something

22   relating to it which he knew or should have reasonably

23   foreseen would result in interstate wire transmissions

24   being used in an effort to execute that scheme or to

25   accomplish its goals, you may find the use of interstate

1   wire communications element to be proven.

2          As I said earlier, if you find the government

3   has proven beyond a reasonable doubt every essential

4   element of wire fraud concerning a particular count, you

5   shall find the defendant guilty of that count.  If the

6   government has failed to meet that burden, you shall

7   find the defendant not guilty of that count.  As I also

8   explained, depending on your view of the evidence, you

9   may find the defendant not guilty on all counts, guilty

10  on some counts and not guilty on other counts, or guilty

11  on all counts.

12         So that's the case-specific portion of the

13  instructions I gave you yesterday.  Again, it's

14  important to consider this in the context of everything

15  I told you yesterday, but didn't repeat today, and

16  hopefully having told you that again, it will be helpful

17  in your deliberations.

18              (***Excerpt Ends***)

19

20

21

22

23

24

25

13

1                    C E R T I F I C A T E

2

3

4           I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

5     do hereby certify that the forgoing transcript of the

6     record, of the aforementioned *excerpt*, is a true and

7     accurate transcription of my stenographic notes before

8     Chief Judge Mark L. Wolf, on March 1, 2012, to the best

9     of my skill and ability.

10

11

       /s/ Richard H. Romanow 03-06-12
12     _____
       RICHARD H. ROMANOW  Date
13

14

15

16

17

18

19

20

21

22

23

24

25