UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
     v.                      )     Cr. No. 09-10243-MLW
                             )
RYAN HARRIS,                 )
     Defendant.              )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                            June 29, 2012

     After a two-week trial, on March 1, 2012, the defendant Ryan Harris was convicted of seven counts of wire fraud.  The charges stemmed from the defendant's leadership of a scheme to sell hardware and software that enabled users to obtain free and higher speed internet access by misrepresenting themselves as paying subscribers to cable internet service providers.  In a June 26, 2012 Order, the court denied the defendant's motion for judgment of acquittal notwithstanding the verdict and for a new trial.  In a second order issued the same day, the court denied the defendant's motion to dismiss and for judgment of acquittal on the ground of unconstitutional vagueness.

     On June 27, 2012, Harris was granted a downward variance from a Guideline sentencing range of 70 to 87 months and was sentenced to serve three years in prison, followed by three years' supervised release with special conditions.  Harris was also ordered to pay a restitution of $152,320, a fine of $50,000, and a $700 special assessment.

     After hearing argument on June 27, 2012, the court denied

Harris' motion for bail pending appeal pursuant to 18 U.S.C. §3143(b). This memorandum is based on a transcript of that decision. It has been edited to include some additional citations and slightly amplified explanations, and for clarity.

* * * * *

For the reasons I will describe, the defendant's request to be released pending appeal under Section 3143(b) is denied. However, I am going to stay the decision until September 4, 2012, to permit the defendant to seek a stay from the First Circuit, if he wishes to do so, or to report to the institution designated by the Attorney General of the United States if he decides on reflection that he would like to end this matter.

I had occasion to write about the applicable legal standards last year in United States vs. DiMasi, 817 F. Supp. 2d 9, 12-15 (D. Mass. 2011). First, the defendant must show by clear and convincing evidence that he will not flee or pose a danger if he is released pending appeal. See §3143(b)(1)(A). If he does that, he must also prove that the appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, or a lower sentence. See §3143(b)(1)(B). A substantial question is a close question, a question that could go either way, a question on which reasonable judges might differ. See DiMasi, 817 F. Supp. 2d at 13. If there is that required close question, it has to be about a matter that would not, in effect, constitute harmless error. See

id.  It has to be an error of the sort that would entitle the defendant to some relief.  Id.

With regard to alleged errors of law in the jury instructions, the First Circuit has held that preserved claims of instructional error are reviewed under a two-tiered standard.  See United States v. Jadlowe, 628 F.3d 1, 14 (1st Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011).  It considers de novo whether an instruction embodied an error of law, but it reviews for abuse of discretion whether the instructions adequately explained the law or whether they tended to confuse or mislead the jury on the controlling issue.  Id.  If an error was made in a jury instruction, it is generally subject to harmless error review.  See id.  With regard to this idea of plain error, the First Circuit has said that "[t]o preserve an objection to a jury instruction under [Rule] 30(d), a litigant must lodge a specific objection and state the grounds for the objection after the court has charged the jury and before the jury begins deliberations. Objections registered during pre-charge hearings are insufficient to preserve the issue.  We review such unpreserved jury instruction claims for plain error review." United States v. Meadows, 571 F.3d 131, 146 (1st Cir. 2009) (internal quotations and citations omitted).

After the jury instructions were given for the first time, on February 29, 2012, the defendant only objected to the court's instruction regarding cooperating witnesses, being under the

misimpression that I had not embraced them in my instruction on immunized witnesses. That was the only objection on February 29, 2012.

I instructed the jury on wire fraud again on March 1, 2012. I repeated virtually verbatim what I had said the day before. The defendant had one objection on March 1 to the instruction that said, in effect, that a person may be found to intend the natural and probable consequences of something he did deliberately. That was the same language I used on February 29.

I am satisfied, by clear and convincing evidence, that Harris is not likely to flee or be a danger to the community if he is released. It was a close question as to whether to release him after his conviction. I was promised that he would immediately return to Oregon, that he would obey the conditions of his electronic monitoring, and that he would not engage in any more crimes. He has done all that and he came to court, recognizing the substantial likelihood that he would be sentenced to prison and the real risk that he would be locked up at the conclusion of his sentencing hearing. So I am satisfied with regard to the first prong.

The defendant has not satisfied the requirement that any appeal will present a close question. There was a lot of discussion about legal issues before and during the case, but most of it related to the conspiracy count which I dismissed on the

defendant's motion for a judgment of acquittal.  All that remained were the wire fraud counts.  The defendant was convicted on seven of them.

The issue that the defendant characterized as a close question is the question of whether the wire fraud statute is unconstitutionally vague and deprived him of fair notice as applied to the particular facts of this case.  I addressed this contention in one of the two decisions I issued on June 26, 2012 (Docket No. 161).  As I wrote in that Memorandum and Order, the wire fraud counts in this case involve a straightforward application of the wire fraud statute to relatively new technology.  However, going back at least to 1967, the wire fraud and mail fraud statutes have been applied to schemes that employed technology to steal telephone service and cable service.  See, e.g., United States v. Manzer, 69 F.3d 222, 225 (8th Cir. 1995); Brandon v. United States, 382 F.2d 607, 608, 610 (10th Cir. 1967); United States v. Norris, 833 F. Supp. 1392, 1395-97 (N.D. Ind. 1993), aff'd, 34 F.3d 530 (7th Cir. 1994). Applying the wire fraud statute to a scheme to deprive internet service providers of revenue is an obvious, logical next step.

Significantly, I instructed the jury that it had to find beyond a reasonable doubt that the defendant acted knowingly, meaning intentionally; willfully, meaning that he knew his conduct was unlawful; and with intent to defraud, in order to convict.  See

United States v. Vazquez-Botet, 532 F.3d 37, 63 (1st Cir. 2008). The jury did convict on seven counts and returned a discerning verdict acquitting him on the eighth charge, which I had expressed some reservations about. The evidence was far more than sufficient to prove the defendant acted knowingly, willfully, and with intent to defraud. I not only defer to the jury's verdict, I fully agree with it both in the assessment of credibility and with regard to the sufficiency of the evidence. Therefore, the jury properly found that Harris knew that his conduct was unlawful. As explained in the June 26, 2012 Memorandum and Order, this finding refutes the contention that the wire fraud statute is void for vagueness as applied to Harris. See Skilling v. United States, 130 S. Ct. 2896, 2933 (2010); Colautti v. Franklin, 439 U.S. 379, 395 (1979); United States v. Lampley, 573 F.2d 783, 787 (3d Cir. 1978).

I have considered United States v. Czubinski, 106 F.3d 1069, 1079 (1st Cir. 1997), the case on which the defendant relies primarily in arguing for release pending appeal. I recognize that there are some limits to the wire fraud statute. They are limits that are rooted in the terms of the statute. In Czubinski, the First Circuit held that merely accessing confidential information did not deprive the Internal Revenue Service of property as required to prove wire fraud. See id. at 1074-75. The First Circuit wrote that: "Binding precedents, and good sense support the conclusion that to deprive a person of their intangible

property interest" - in Czubinski an interest in confidential information - "either some articulable harm must befall the holder of the information as a result of the defendant's activities or some gainful use must be intended by the person accessing the information, whether or not this use is profitable in the economic sense." Id. at 1074 (internal quotation marks omitted).

The defects in Czubinski do not exist in this case. Here, the government proved articulable harm to the internet service providers. They lost revenue because people stole service that they otherwise would have been required to pay for. The government also proved an economic benefit to the defendant. He made hundreds of thousands of dollars. Therefore, Czubinski is distinguishable on its facts.

In applying the established jurisprudence concerning §3143(b), I do not perceive a competitive void for vagueness argument. However, since I find, by clear and convincing evidence, that the defendant is not likely to flee or commit other crimes if he is released, I think it is prudent and appropriate to stay the order that he be detained pending appeal to give Harris an opportunity to reflect on all of this and decide whether he would like to promptly appeal this decision denying bail pending appeal, and to give the First Circuit time to decide any appeal.

I have, therefore, ordered that Harris return to Oregon no later than June 28, 2012, and that Pretrial Services inform me no

later than June 29, 2012, that he is back at his home on electronic monitoring. I am continuing Harris' release on the existing conditions.

I am ordering that Harris report to the institution designated by the Attorney General of the United States by 12:00 p.m. on September 4, 2012, unless the First Circuit has decided that he is entitled to a stay pending appeal. If for some reason the First Circuit has not decided the matter, Harris may file a motion in this court and I may grant an extension. In other words, I have sufficient confidence that my ruling is correct, but I do not want to preempt an opportunity for it to be reviewed.

In view of the foregoing, the court entered the attached summary Order on June 28, 2012.

                                                             /s/ Mark L. Wolf
                                             UNITED STATES DISTRICT JUDGE